Rev. 7/06
CO Hab Corp
AO 241 amd.

**FILED**

FEB 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

__Courtney Dewayne Brooks__
NAME (Under which you were convicted)

__23156-009__
PRISON NUMBER

__F.C.I. Oakdale__
PLACE OF CONFINEMENT/ADDRESS
__P.O. Box 5000__
__Oakdale, LA 71463__

__Courtney Dewayne Brooks__                    )
(Full Name)                    Petitioner

                  v.

__Alberto Gonzales, Esq. and__
__Harley G. Lappin, Dir.__

(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)
                    Respondent                    )
                                                   )

CASE NUMBER   1:07CV00358

JUDGE: Paul L. Friedman

DECK TYPE: Pro se General Civil

DATE STAMP: 02/16/2007

## PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.   This petition must be legibly handwritten or typed, and signed by the petitioner.  Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

3.   Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4.   Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to: Clerk, U.S. District Court.

Page 2

5.    If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.    Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.    When you have completed the form, send the original and one copy to:
       Clerk, United States District Court for the District of Columbia
       Room 1225
       333 Constitution Avenue, NW
       Washington, DC 20001

9.    <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.    (a)    Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
       <u>**U.S. District Court Eastern District of Arkansas**</u>

2.    (a)    Date of the sentence (or detention): <u>**October28, 2004**</u>

3.    Length of sentence: <u>**120 months**</u>

4.    Nature of offense involved (all counts): <u>**Title 21 U.S.C. Sections 841(a)(1), and 846**</u>

5.    (a)    What was your plea? (Check one):
       ☐    Not guilty
       ☒    Guilty
       ☐    Nolo Contendere (no contest)
       ☐    Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count
       or   charge,   give   details:   **N/A**_____
       _____
       _____
       _____
       _____
       _____
       _____
       _____

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in
      any court?
      _____    Yes
       **X**    No

7.    If your answer to Question 10 was "Yes," give the following information:
      (a)    (1)    Name of Court: _____
             (2)    Nature of the proceedings: _____
                    _____
                    _____
                    _____

             (3)    Grounds raised: _____
                    _____
                    _____
                    _____
                    _____

             (4)    Did you receive an evidentiary hearing on your petition, application or motion?
                    ☐    Yes
                    ☐    No
             (5)    Result: _____
             (6)    Date of result: _____

      (b)    As to any second petition, application, or motion, give the same information:
             (1)    Name of Court: _____
             (2)    Nature of the proceedings: _____
                    _____
                    _____
                    _____

             (3)    Grounds raised: _____
                    _____
                    _____
                    _____
                    _____

             (4)    Did you receive an evidentiary hearing on your petition, application or motion?
                    ☐    Yes
                    ☐    No
             (5)    Result: _____

     (6)   Date of result: _____

(c)   As to any third petition, application, or motion, give the same information:

     (1)   Name of Court: _____

     (2)   Nature of the proceedings: _____
                                     _____
                                     _____

     (3)   Grounds raised: _____
                                   _____
                                   _____
                                   _____

     (4)   Did you receive an evidentiary hearing on your petition, application or motion?
            ❏    Yes
            ❏    No

     (5)   Result: _____

     (6)   Date of result: _____

(d)   Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?

     (1)   First petition, etc."
            ❏    Yes
            ❏    No

     (2)   Second petition, etc.:
            ❏    Yes
            ❏    No

     (3)   Third petition, etc.:
            ❏    Yes
            ❏    No

(e)   If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _____
     _____
     _____
     _____
     _____
     _____

8.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

Page 5

A.     GROUND ONE:  **Ineffective Assistance of Counsel.**

    (a)     Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **Counsel failed ab initio to raise or challenge any of the issues presented herein**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

B.     GROUND TWO: **Lack of Federal Legislative Jurisdiction over the Locus in Quo.**

    (a)     Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **See, Attached Memorandum of Law with Incorporated Points and Authorities**

_____
_____
_____
_____
_____
_____
_____
_____
_____

C.     GROUND THREE: **Lack of Federal Subject Matter Jurisdiction over the alleged prohibitive conduct - want of Commerce Nexus**

    (a)     Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **See, Attached Memorandum of Law with Incorporated Points and Authorities**

_____
_____
_____
_____
_____
_____
_____
_____
_____

Page 6

D.   GROUND FOUR: **Mis-Application of Federal Law, where such is unenacted, unpromulgated, and unimplemented.**

(a)   Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:   **See, Attached Memorandum of Law with Incorporated Points and Authorities**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

9.   If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:   **N/A**

_____
_____
_____
_____
_____
_____
_____
_____
_____

10.   Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☐   Yes

☒   No

(a)   If so, give the name and location of the court and case number, if known:   _____

_____
_____
_____

11.   Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐   Yes

☒   No

(a)   If so, give name and location of court which imposed sentence to be served in the future:

_____
_____
_____

(b)     And give date and length of sentence to be served in future: _____

_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

       ❏     Yes

       ❏     No

    Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Courtney Brooks*

Courtney Dewayne Brooks/pro-se

*2/11/07*

Date

07-358
PLF

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

## DEFENDANTS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION

CASE NUMBER  1:07CV00358

JUDGE: Paul L. Friedman

DECK TYPE: Pro se General Civil

DATE STAMP: 02/16/2007

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBE

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☒ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ A. Antitrust

☐ 410 Antitrust

☐ B. Personal Injury/
   Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ C. Administrative Agency
   Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

☐ D. Temporary Restraining
   Order/Preliminary
   Injunction

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
   Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
   Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if not
   administrative agency review or
   Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☐ NO    If yes, please complete related case form.

DATE 2/16/07    SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Courtney Dewayne Brooks/23156-009
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY DEWAYNE BROOKS, ) | CASE No. <u>4:03CR00272-01 GH</u> |
|             Petitioner, ) | RE: CASE No. _____ |
| ) | |
| vs, ) | |
| ) | |
| ALBERTO GONZALES, ESQ., ) | PETITION FOR |
| ATTORNEY GENERAL FOR THE ) | COMMON LAW |
| "UNITED STATES," ) | WRIT OF HABEAS CORPUS |
| ) | |
| and ) | BY A PERSON IN |
| ) | FEDERAL CUSTODY |
| HARLEY G. LAPPIN, DIR., ) | |
| FEDERAL BUREAU OF PRISONS, ) | TITLE 28 U.S.C. §2241 |
| ) | |
|           Respondents. ) | |

### CONVICTION UNDER ATTACK

1. Name and location of the court which entered the judgment of conviction under attack:
   **U.S. District Court Eastern District of Arkansas**

2. Date of judgment of conviction was entered: **October 28, 2004**

3. Case number: **4:03CR00272-01 GH**

4. Type and length of imposed sentence: **120 months**

5. Are you presently serving a sentence imposed for a conviction other than the conviction under attack? ____ Yes  **X** No

6. Nature of the offense involved (all counts):
   **Title 21 U.S.C. §§841(a)(1), and 846**

7. What was your plea? (check one)
   ____ Not Guilty  **X** Guilty  ____ Nolo Contendres

///// - 1 Petition for Common Law Writ of Habeas Corpus

8. If you entered a plea of guilty to one count of indictment and a not guilty plea to another count of indictment give details: **N/A**

9. If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement: **N/A**

10. Kind of trial (check one): ___ Jury ___ Judge Only **N/A**

11. Did you testify at trial? ___ Yes **X** No

## DIRECT APPEAL

12. Did you appeal from the judgment of conviction? ___ Yes **X** No

13. If you did appeal, give the name and location of the court's decision (or attach a copy of the court's oppinion or order): **N/A**

14. If you did not appeal, explain briefly why you did not appeal: **Attorney Failed File**
    (a) Did you seek permission to file a late appeal?
        ___ Yes **X** No

## POST - CONVICTION PROCEEDINGS

15. Other than adirect appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? ___ Yes **X** No

16. If your answer to 15 was "Yes," give the following information: **N/A**

///// - 2 Petition for Common Law Writ of Habeas Corpus

## CLAIMS

17. State concisely every claim that you are being held unlawfully for. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in the application all claims for relief which relate to the conviction under attack. In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**CLAIM ONE:**

**Ineffective Assistance of Counsel**

1)  Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):

**Counsel failed ab initio to raise or challenge any of the issues presented herein.**

2)  Did you seek administrative relief as to claim one? ____ Yes   **X**  No

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No", explain why you did not seek administrative relief:

**We have administrative grievance to redress the challenges raised herein. Bureau of Prisons (BOP) is Compelled to abide by judgment order of the court.**

**CLAIM TWO:**

**Lack of Federal Legislative Jurisdiction over the Locus in quo.**

1)  Supporting Facts: (Without citing legal authorities or arguments state briefly the facts in support of this claim):

**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

///// - 3 PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

2) Did you seek administrative relief as to claim two?
___ Yes  __X__ No

If your answer is "Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief:

**We have administrative grievance to redress the challenge raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.** .

**CLAIM THREE:**

**Lack of Federal Subject Matter jurisdiction over the alleged prohibitive conduct - want of Commerce Nexus.**

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):

**See, Attached Memorandum of Law with Inorporated Points and Authorities.**

2) Did you seek administrative relief as to claim three?
___ Yer  __X__ No

If your answer is "Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief.

**We have administrative grievance to redress the challenges raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

**CLAIM FOUR:**

**Mis-application of Federal Law, where such is unenacted unpromulgated and unimplemented.**

1) Supporting Facts: (Without citing legal authorities or argument state the facts in support of this claim)

**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

2) Did you seek adminstrative relief as to claim four?
___ Yes  __X__ No

If your answer is Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief. **We have administrative grievance to redress the challenges raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

18.    Do you have any petition, application, motion or appeal now pending in any court either state or federal, regarding the conviction under attack?  ___ Yes  **X** No

If "Yes," state the name of the court, case file number (if known), and the nature of the proceedings. **N/A**

19.    State briefly why you believe that the remedy provided by 28 U.S.C. §2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention. **Because the Legislative Territorial Court wherein the issues now complained of arose, lacks the Constitutional authority to entertain and to adjudicate the issues herein, thus a §2255 Motion is inadequate and inappropriate.**

**WHEREFORE,** applicant, Courtney Dewayne Brooks, prays that the court GRANT him such relief to which he may be entitled in this proceeding.

Date: | 11 / _____ 2007,

Respectfully Submitted by,

*Courtney Brooks*

Courtney Dewayne Brooks/pro-se

///// - 5 Petition for Common Law Writ of Habeas Corpus

Courtney Dewayne Brooks/23156-009
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463


UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COURTNEY DEWAYNE BROOKS, | ) | CASE No. <u>4:03CR00272-01 GH</u> |
| Petitioner, | ) | RE: CASE No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, ESQ., | ) | APPLICATION FOR |
| ATTORNEY GENERAL FOR THE | ) | WRIT OF HABEAS CORPUS |
| "UNITED STATES," | ) | |
| | ) | BROUGHT IN THE NATURE OF |
| and | ) | COMMON LAW WRIT |
| | ) | OF HABEAS CORPUS |
| HARLEY G. LAPPIN, DIR., | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | <u>TITLE 28 U.S.C. §2241</u> |
| | ) | |
| Respondents. | ) | |

BEFORE THIS HONORABLE COURT:

COMES NOW, Courtney Dewayne Brooks, in want of counsel, Petit-
ioner in the above styled action, (hereinafter Petitioner), and
as for a VERIFIED PETITIONER FOR WRIT OF HABEAS CORPUS, shows
this Honorable Court as follows:

1.

That the relief sought herein is provided under the Law of
Habeas Corpus, in Common Law, the Constitution and Statutes of
the United States of America, and in the Federal Civil Court Rules
and Procedures. (See, attached Memorandum of Law with Incorporated
Points and Authorities).

2.

That beginning on December 27, 2004, Petitioner herein has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal laws made in conformance therewith.

3.

That, Courtney Dewayne Brooks, Petitioner herein, is incarcerated in the Federal Correctional Institution, **Oakdale, Louisiana,** in violation of the Constitutional rights of the Petitioner herein, as set forth without restriction, in Article V, VI, VIII, and XIV in amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of Courtney Dewayne Brooks, Petitioner herein, was ordered by **United States District Judge George Howard Jr, of the Eastern District of Arkansas, in Case No. 4:03CR00272-01 GH,** a copy of the Order of Charging Instrument/ Indictment and Order of Judgment in such case is attached herewith as **Exhibit (a),** to establish that the respondents named above, in the caption area, are the proper custodians over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That this court has personal jurisdiction over the respondent named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1946, and in the 80th Congress, House Report No. 308, it is shown that the DIstrict Court of the United States for the District of Columbia, is a Constitutional Court rather than a Legislative - Territorial Court and therefore is duly empowered

///// - 2 Application for Common Law Writ of Habeas Corpus

under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this court's Original Jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of **Legislative Territorial** or **Admiralty Jurisdiction** over the locus in quo.

8.

That the government moved in want of **Federal Subject Matter Jurisdiction** by failing to charge or prove that the alleged pro-hibitive act transcended the borders of the sovereign state in violation of the **Federal Interstate Commerce Clause**.

9.

That there is no amendment to the Federal Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of the **Federal Statutory Provisions** under which the Petitioner is charged.

10.

That the **Federal Statutory Provisions** under which the Petitioner is charged are unenacted by Congress, have not been promulgated in the **Federal Register** or possessed implementing authorities in the **Code of Federal Regulations**, thus do not apply over private citizens.

///// - 3 Application for Common Law Writ of Habeas Corpus

11.

That to construe or to convert the instant non-statutory
**Common Law Writ of Habeas Corpus** into a statutory pleading will
be taken as a denial of the pleading as submitted; thus the sus-
tainment of the unlawful incarceration of Courtney Dewayne Brooks,
causing injury and in the nature 42 U.S.C. §1331, 1983, 1985,
and 1986.

12.

That the court is presumed to possess superior knowledge of
**Law,** thus the court would be deemed to know from the facts and
the law presented, and the proceeding before the **Court Record**
that Courtney Dewayne Brooks, is in violation of his <u>Constitutional
Rights</u> where the court is compelled to provide a remedy-in-law
for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241 & §2243 Of Title 28 of the
United States Code (June 25, 1948, c. 646, 62 Stat. 965),
Courtney Dewayne Brooks requests the court to prepare and issue
an Order, directing the respondent to Show Cause, within 3 days,
from the date of service, why the instant **Common Law Writ,** should
not be GRANTED, where all issues presented are only questions of
law.  The respondent will not be under burden to produce records,
evidence, witnesses, or prepare for a hearing, and no additional
time would be required.

///// - 4 Application for Common Law Writ of Habeas Corpus

    In the nature of the principles pronounced in 1 Stat. 122,

May 26, 1970, Sec. 2, March 27, 1804, Stat. 298, Sec. 2,

Courtney Dewayne Brooks executes the foregoing.


Date: ___2 /11_____ ,2007                    Respectfully Submitted by,

                                               _Courtney Brooks_

                                               Courtney Dewayne Brooks/pro-se


///// - 5 Application for Common Law Writ of Habeas Corpus

Courtney Dewayne Brooks/23156-009
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY DEWAYNE BROOKS, ) | CASE No. <u>4:03CR00272-01 GH</u> |
|          Petitioner, ) | RE: CASE No. _____ |
| ) | |
| vs. ) | |
| ) | |
| ALBERTO GONZALES, ESQ., ) | MEMORANDUM OF LAW |
| ATTORNEY GENERAL FOR THE ) | WITH INCORPORATED |
| "UNITED STATES," ) | POINTS AND AUTHORITIES |
| ) | |
| and ) | IN SUPPORT OF COMMON |
| ) | LAW WRIT OF HABEAS CORPUS |
| HARLEY G. LAPPIN, DIR., ) | |
| FEDERAL BUREAU OF PRISONS, ) | <u>TITLE 28 U.S.C. §2241</u> |
| ) | |
|          Respondents. ) | |

BEFORE THIS HONORABLE COURT:

    COMES NOW, Courtney Dewayne Brooks, in want of counsel, accused in the above referenced cause, and as for the instant Petitioner for the Common Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

    That the relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 Cl 2, and in the nature of Title 28 §2241 of the United States Code.

2.

That this Honorable Court has personal jurisdiction over the respondents named in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondents have their principle place of business within the District of Columbia.

3.

That in the nature of **Adams v. United States**, DK. No. 97-2263 (2nd Cir. 1998), the court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision. See, **United States v. Morgan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a) The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals" **28 U.S.C. §88 District of Columbia - Courts**, Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed.1356, 53 S.Ct. 74, **Mookini v. United States**,

303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543. **The Federal Trade Commission vs. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. vs. United States**, 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress or an order, process, judgment, or decree of a court or judge of the United States. And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of **Federal Legislative, Territorial or Admiralty Jurisdiction** over the locus in quo.  The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record.  See, **Hartford v. Davies**, 16 S.Ct. 1051 (1896).  The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location.  See, **United States v. Beavens**, 16 U.S. (3 Wheat) 336((1818).  It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained.  See, **United States v. Benson**, 495 F.2d 481 (1946).  Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived.  See, **United States v. Rogers**, 23 F. 658 (DC Ark. 1885).  In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885).  No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial.  See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed

///// - 4 Memorandum of Law with Incorporated Points and Authorities - N

1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement. See, **United States v. Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed 681 Cert. den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed 2d 117. In the United States, there are two separate and distinct kinds of jurisdiction: The jurisdiction of the states within their own territorial boundries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundries of any given state. In contrast, Federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Articles of Confederation. In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom
> and independence, and every power, of juris-
> diction and right which is not by this Confed-
> eration, expressly delegated to the United
> States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it

made the Central Government created by the confederation fairly
ineffectual.  These defects of the Confederation Government strained
the relation between and among the states and the remedy became
calling a Constitutional Convention,  The representatives which
assembled at Philadelphia in May of 1787 to attend the Constitution-
al Convention met for the primary purpose of improving the commer-
cial relations among the states, although the product of the con-
vention produced more than this.  But no intention was demonstrated
for the states to surrender in any degree, the jurisdiction so
possessed by the states at that time, and indeed the Constitution
as finally drafted continued the same territorial jurisdiction of
the Articles of Confederation.  The essence of this retention of
each state's jurisdiction is embodied in the Constitution at Article
I Section 8 Clause 17 of the Constitution of the United States of
America, which reads as follows:

> "To exercise exclusive legislation in all cases what-
> soever over such districts (not exceeding Ten Miles
> Square) as may be cession of particular states, and
> acceptance of Congress becomes the seat of the govern-
> ment of the United States, and to exercise like authority
> over all places purchased by the consent of the Legis-
> lature of the states in which the same shall be for the
> erection of Forts, Magazines, Arsenals, Dock-Yards and
> other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution
was and is obvious.  Under the Articles of Confederation, the states
retain full and complete jurisdiction over lands and persons within

their borders. Since the time of the ratification and implement-
ation of the present Constitution of the United States, the United
States Supreme Court and all lower courts have had many opportunit-
ies to construe and apply these provisions of the Constitution.
The essence of all these decisions is that the states of this Nation
have exclusive jurisdiction of property and persons located within
their borders, excluding such land and persons residing thereon
which have been ceded to the United States. Perhaps one of the
earliest decisions on this point was in the **United States v. Beavens**,
**16 U.S. Wheat 336 (1818).** This case involved a federal prosecution
for murder committed onboard the warship, Independence, anchored
in the harbor of Boston, Massachusettes, The defense argued that
only the state had jurisdiction to prosecute and argued that the
federal circuit courts had no jurisdiction of this crime supposedly
committed within the Federal Admiralty jurisdiction. In the argu--
ment before the Supreme Court, counsel for the United States admitted
as follows:

> " The exclusive jurisdiction which the United States have
> in forts, dock-yards ceded to them is derived from express
> assent of the states by whom the cessions are made. It could
> be derived in no other manner; because without it, the authority
> of the states would be supreme and exclusive therein."
> **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction
over the crime the court held:

> "What then is the extent of jurisdiction which a state possess-
> es?" " We answer, without hesitation the jurisdiction of a
> state is co-extensive with it's territory, co-extensive with
> it's legislative power." **3 Wheat at 386, 387**

///// - 7 Memorandum of Law with Incorporated Points and Authorities - N

" It is observable that the power of exclusive legislation
(which is jurisdiction) is united with cession of territory,
which is to be the free act of the states.  It is difficult to
compare the two sections together, without feeling a conviction
not to be strengthened by any commentary on them, that in de-
scribing the judicial power, the framers of our constitution
had not in view any cession of territory or, which is essent-
ially the same of general jurisdiction."  3 Wheat at 388

11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorporated
into all subsequent decisions regarding the extent of Federal juris-
diction.  To hold otherwise would destroy the purpose, intent and
meanings of the entire Constitution of th United States.  One year
later the Supreme Court of New York was presented with the same
issue, of whether the state of New York had juridiction over a mur-
der committed at Fort Niagara, a Federal fort.  In **People v. Godfrey**,
**17 Johns 225 N.Y. (1819)**, that court held that the fort was subject
to the jurisdiction of the state since the lands therefore had not
been ceded to the United States, the rationale of it's opinion
stated:

" To oust this state of its jurisdiction to support and main-
tain its laws and to punish crimes, it must be shown that an
offense committed within the acknowledged limits of the state,
is clearly and exclusively cognizable by the laws and courts
of the United States.  In the case already cited Chief Justice
Marshall observed that to bring the offense within the juris-
diction of the courts of the union, it must have been committed
out of the jurisdiction of any state."  It is not (he says)
the offense committed but the place in which it is committed,
which must be out of the jurisdiction of the state.
17 Johns, at 233 (emphasis added)

12.

The case relied upon by this court was the **United States v. Beavens,**

**supra.** At about the same time that the New York Supreme Court render-

ed it's opinion in **Godfrey,** a similar situation was before a Federal

Court, the only difference being that murder was committed in and occ-

urred on lands which had been ceded to the United States.  In the

**United States v. Cornell**, 2 Manson 60, 1 cir. (1819), the court held

that the case fell within Federal jurisdiction, describing such juris-

diction as follows:

> " But although the United States may well purchase and hold lands for
> public purpose within the territorial limits of a state, this does not
> of itself oust the jurisdiction or sovereignty of such state over lands
> purchases.  It remains until the state has relingquished its authority
> over the lands either expressly or by necessary implication.  When
> therefore a purchase of land for any of these purposes is made by the
> National Government and the state legislature has given its consent to
> the purchase, the lands so purchased by the very terms of the Consti-
> ution ipso facto falls within the exclusive legislation of Congress
> and the state jurisdiction is completely ousted."  **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a

case involving the distinction between state and federal jurisdiction.

In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836).  The

United States claimed title to property in New Orleans likewise claim-

ed by the city.  After holding that, title to the subject lands was

owned by the city, the court addressed the question of federal juris-

diction and states:

> " Special provisions is made in the Constitution for the cession of
> jurisdiction from the state over places where the Federal Government
> shall establish forts, or other military works.  And it is only in

these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet. at 737**

14.

In **New York v. Miln**, 36 U.S. (11 Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to asses penalties against the master of a ship for failure to make a report as to the persons his ship brought to New York.  As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held :

> " If we look at the places of its operation, we find  it to be within the territory, and therefore, within yhe jurisdiction of New York.  If we look at the person on whom it operates he is found within the same territorial jurisdiction." **36 U.S. at 135**

> " They are these:  That a state has the same undeniable and unlimited jurisdiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States.  That by virtue of this it is not only the right, but the burden and solemn duty of a state, to advance the safety, happiness and prosperity of its people and to provide for its general welfare by any and every act of legislation which it may deem to be conductive to these ends; where the power over the particular subject, or the manner just stated.  That all those powers which relate to merely municipal legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive." **36 U.S. at 139**

15.

Some eight years later, in **Pollar v. Hagan**, 44 U.S. (3 How.) 212 (1845), the question of Federal jurisdiction was once again before the court.  This case involved a contest of the title of a real property, with one of the parties claiming a right to the disputed property

///// - 10 Memorandum of Law with Incorporated Points and Authorities - N

via U.S. patent; the lands in question were situated in Mobile, Alabama adjacent to Mobile Bay, the court held:

> " We think a proper examination of this subject will show that the United States never held any Municipal sovereignty, jurisdiction or right of soil in and to territory of which Alabama or any of the new states were formed." **44 U.S. at 221**

> " Because the United States have no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elsewhere, except in case which it is expressly granted." **44 U.S. at 228, 229**§

> " Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the common law," **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully. There the railroad company's property, which passes through, Fort Leavenworth federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

> " The consent of the state to the purchase of lands within them for the special purpose named is however, essential, under the Constitution to the transfer of the jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as a means to carry out the purposes of the government, is subject to the legislative authority and control of the states equally with the property of private individuals." **114 U.S. at 531**

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter.  It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law.  But when laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers.  That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide fot the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties or imports.

19.

This is about the extent of the legitimate jurisdiction of the Federal United States Government.  It is only in these areas, **supra**, that a crime (or offense) against the Federal United States can exist, and this is so only when Congress actually passes a Law in one of these areas:

> But an act committed within a state for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

///// - 12 Memorandum of Law with Incorporated Points and Authorities - N

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Bedford**, 27 Fed. Cas., p.91, 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make law, _including_ the **Common Law.** Thus it has been said that, "There is no Federal Common Law,"

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687 (1891); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); Donnelley v. United States, 276 U.S. 505-511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 F.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. **United States v. Grossman**, 1 Fed. Ed. 941, 950-51 (1924).

///// - 13 Memorandum of Law with Incorporated Points and Authorities - N

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction." State of Pennsylvania v. Wheeling E. Bridge Co., 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law offense a crime (such as libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the Art. §8 ***, but there is no reference to a Common Law authority. Every power is [a] matter of definate and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. The United States v. Worrall, 2 Dall. (2 U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so

///// - 14 Memorandum of Law with Incorporated Points and Authorities - N

changed, as perhaps to make a different rule in the case desirable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstances or be modified by public opinion.  [A] court or legis-
lature which should allow a change in public sentiment to influence
it in giving to written constitution and construction not warranted
by the intention of its founders, would be justly chargeable with
reckless disregard of Official Oath (28 U.S.C. §453-18 U.S.C. §1621)
and public duty; and if its course could become a precedent these
instruments would be of little avail.  What court is to do, therefore,
is to declare the law as written.  **T.M. Cooley, A Treatise on the
Constitutional Limitation**, 5th Ed., pp. 54, 55, rather than be swayed
by political ambition and the unlawful unsurpation of policepowers.
Chief Justice John Marshall stated:

> " We [judges] have no more right to decline the exercise of jurisdiction,
> which is given, than to usurp that which is not given. The one or the
> other would be treason to the Constitution."
> **Cohens v. Virginia**, 6 Wheat. (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior
to entertaining the cause...

### Standard of Review

The court's duty to resolve the jurisdiction of the court,
regardless of who brings the action, the court must make a legal find-
ing as to its authority to take venue and jurisdiction, before the
court moves to entertain the cause before it.  See, 20 Am. Jur. 2d
§60, 377

### §60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine

///// - 15 Memorandum of Law with Incorporated Points and Authorities - N

whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review. This question should be considered before it looks at other matters involved in the case, such as whether the parties are properly before the court. It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

### §62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading. A court has no power either to investigate or to initiate proceedings. When a statute prescribes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

### §65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDINGS CONDUCTED OR DECISIONS MADE--BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A DECISION IN FAVOR OF EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT, AS A DECISION WOULD BE ON THE MERITS OF THE ACTION. IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION. HOWEVER, A COURT CAN SET ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT."

///// - 15 Memorandum of Law with Incorporated Points and Authorities - N

(In Part)

27.

The Petitioner asserts that the district court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar <u>before proceeding with sentencing and/or trial.</u>

28.

The question of challenging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United
States is challenged, thus **" Onus Probandi is the actor."** Onus
Probandi burden of providing the burden of proof, "The strict mean-
ing of the Onus Probandi," is that, if no evidence is adduced by
the party on whom the burden is cast, the issue must be found against
him, <u>**Davis v. Rogers**</u>, 1 Houst (del.) 44. "Where jurisdiction is
challenged it must be proved," Hagen **v.** Lavine, 415 U.S. 528 (1974).
Because it is not sufficient that jurisdiction of the United States
Courts may be inferred argumentatively from averments in the plead-
ings it follows that the necessary factual predicate may not be
gleaned from the briefs and arguments themselves; this principal
of federal jurisdiction applies whether that the case is at the
trial stage or at the appellate stage.

29.

The Petitioner asserts that the court and government has not
been granted jurisdiction through the Constitution of the United
States of America, to adjudicate matters beyond the legislative
jurisdiction of the United States. The courts and the government
have failed to offer proof, or make findings and conclusions of law,
as to the jurisdiction in the above alleged criminal action.

///// - 17 Memorandum of Law with Incorporated Points and Authorities - N

"A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." See, Ex Parte McCardle, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. e.g. Marbury v. Madison, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. Mitchell v. Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934). See, Judice v. Vail, 430 U.S. 327, 331, 332 51 L.Ed. 2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." See, Bender v. Williams Port Areas School District, 475 U.S. 534, L.Ed. 2d 501, 106 S.Ct. 1326. When the lower Federal Courts lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit. See, United States v. Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). See also e.g., United States v. Mata, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), City of Kenosha v. Bruno, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 122 (1973),

<u>Clark v. Paul Gray Inc.</u>, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional question is presented. In such cases we have held strictly to the standing requirements to ensure that our deliberations will have benefit of adversary presentation and full development of the relevant facts. The court must be mindfull that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty. See, <u>Marbury v. Madison</u>, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d See also, <u>Bell v. Maryland</u>, 378 U.S. 266, 224 (1964)(Douglas J. COncurring). " A district court are courts of limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction." See, <u>Stanard v. Olesen</u>, 74 S.Ct. 768 (1954) also, <u>McNutt v. G.M.</u>, 56 S.Ct. 789, L.Ed. 1135., and <u>Thomson v. Gaskiel</u>, 62 S.Ct. 573, 83 L.Ed. 111. It is clear that federal jurisdiction does not rest in federal,statutes that do not invest exclusive jurisdiction. Neither statute governing courts authority nor the statute governing the charged crime invest exclusive authority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal Government. The Supreme Court in <u>Housenbaum v. Bauer</u>, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

" Here we are bound by statute and not by Syayes alone, but by an act of Congress, which obliges us to follow the State statute and State practice. The Federal courts are bound hand and foot, and are compelled and obliged by the federal legislature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter. For the record, where it appears from the _record_ that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to pre-clude an injury into the fact and to prevent a declaration of the invalidity of the judgment. A record, which affirmatively shows want of jurisdiction, is of its-self, **conclusive as that fact.**

31.

Moreover, a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding. He must do this on his own motion without waiting for the question of law-ful jurisdiction to be raised by any of the parties involved in the proceedings. He is charged to know that the court proceedings con-ducted absent jurisdiction over the subject matter are legally void and subject to collateral attack. See, **46 American Jurisprudence 2d. Judgment §26**. As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter juris-diction. Also awareness that his court is subject to **Territorial limitation and cannot extend** the jurisdiction authority which comes Pursuant to an act of Congress and under which behalf the court

functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. See, <u>American Jurisprudence 2d. Courts §115.</u>

32.

THe district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the constitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, <u>State of Rhode Island et. al. v. Commonwealth of Mass.,</u> 37 U.S. 657 (1938). The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiction doctrine authorize concurrent jurisdiction. See, <u>Adams v. United States</u>, 87 L.Ed. 1421. The jurisdiction to determine jurisdiction doctrine authorizes courts to issue ancillary orders while determining their own jurisdiction, and to punish as criminal contempt, the violations of such orders, even though it may later be determined that the court lacks jurisdiction over the proceedings. When a court assumes but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with its previous belief that it had jurisdiction. See, <u>American Jurisprudence 2d. Courts §60 page 377.</u> Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows jurisdiction has not been acquired. See, <u>Old Wayne Mut. Life Asso. v. McDonough</u>, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236. Hence a fact

///// - 21 Memorandum of Law with Incorporated Points and Authorities - N

connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

Defense counsel was ineffective by failing to raise or challenge the governments lack of Federal Subject Matter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.

That, defense counsel failed ab initio to raise or challenge that the Federal Statutory Provisions under which the Petitioner is charged failed to contain language of an Interstate Commerce Nexus. The enumerated subsection under which the Petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce Nexus. Thus, the language of the statute does not grant Federal Subject Matter Jurisdiction, nor grant formal notice to the accused party that the alleged violations of Title 21 U.S.C. §§841(a)(1), and 846, also invokes an uncharged violation of the Federal Interstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state line or international borders. The Federal Government does not have a general police power, thereby the legitimate application of Title 21 U.S.C. §§841(a)(1), and 846, may only be applied if connected to an alleged violation of the Interstate Commerce Statute.

35.

**Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960) at 857. The Supreme Court stated that, "The essential element was the allegation of an Interstate Commerce which provided the court with (subject matter) jurisdiction" over the alleged prohibitive acts. Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the Petitioner, moved beyond the border of the sovereign state, thus in the clear absence of a commerce charge, the government failed to establish Federal Subject Matter Jurisdiction over the alleged offense.

36.

Under our Federal system, the "States possess primary authority for defining and enforcing the criminal law." See, **Brecht v. Abrahamson**, 507 U.S. 123 L.Ed. 2d 353, 113 S.Ct. 1710 (1993), quoting: **Engle v. Isaac**, 456 U.S. 107, 71 L.Ed. 2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945) **(plurality opinion)** "our National Government is one of delegated powers alone. Under our Federal system the administration of criminal justice rests with the state except as Congress, acting within the scope both delegate powers has created offenses against the United States." When Congress criminalizes conduct already denounced as criminal by the State it affects a change in the sensitive relation between Federal and State criminal jurisdiction. **United States v. Unmans**, 410 U.S. 396 441-442, 35 L.Ed. 2d 379, 93 S.Ct. 1007 (1973). quoting, **United States v. Bass**, 404 U.S. 336, 349 30 L.Ed. 2d 488, 92 S.Ct. 515 (1971). It's obvious the government would have to acknowledge that **Title 21 of the United States Code Sections 841(a)(1), and 846**, displaces state

///// - 23 Memorandum of Law with Incorporated Points and Authorities - N

policy in that its prohibitions is being used in every state. **Title 21 U.S.C. §§841(a)(1), and 846,** are now being used outside their scope of intended use by inappropriately over-riding State Law. By imposing higher penalties and establishing mandatory penalities for the same offenses that the state already charges. The policies reflected in these provisions could legitimately be adopted by the states but they should not be imposed upon the states by Congress. By the government's use of these statutes outside their intended use we have a system that can punish the same act by different individuals with different and more selective punishment. Thus, the abuse mentioned, defendant in the case also charges the government was selective by going outside its jurisdiction which was clearly spelled out by the 99th Congress 2d Session, of the Federal Statutory Provisions under which the Petitioner is alleged to have violated the act in question to determine, whether it applies solely within the jurisdiction of the United States. Analysis of the operative sections of the act, particularly the sections at issue herein, clearly reveals that there is nothing, which indicates that the act applies anywhere but within the United States Territories and Enclaves. There is simply no statutory language expressly stating that the act applies "extra jurisdictionally." Further, the Federal Statutory Provisions which are an issue **(Title 21 of the United States Code Sections 841(a)(1), and 846),** totally fail to mention or refer to "Interstate Commerce" or otherwise connect the provisions of this act to a Congressional Interstate Commerce Powers.

///// - 24 Memorandum of Law with Incorporated Points and Authorities - N

That is particularly apparent from a review of **Sections 841(a)(1),**
**and 846 of Title 21 of the United States Code,** mention nothing in
reference to Interstate Commerce.

37.

The Petitioner asserts prosecutorial misconduct and plain error,
52(b) F.R.C.P., in that the application was not within the scope of
Rule 7(c)(1), F.R.C.P. to the indictment in which was an amendment
to cure the jurisdiction requirement; the indictment failed to ex-
plicitly, allege a (nexus) to commerce.  See, **United States v. Knowles,**
**29 F.3d 947, 952 (5th Cir. 1994).**

38.

The Petitioner stands firm on his assertion that he was highly
prejudiced by the prosecutor, not qualifying the jurisdiction nexus
in the statute, to the Grand Jury.  The Second and Third Circuit is
on record as expressing the view that "when the word or phrase is
used in the Sect. of the "Act" more than once, and the meaning is
clear as used in one place." **Meyer v. United States**, 175 F.2d 45,
47 (2nd Cir. 1949), quoting, **Lewellyn v. Nunez**, 573 F.2d 769 (2nd
Cir. 1978), and, **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd
Cir. 1961).  It is elementary principle of criminal pleadings, that
where the definition of an offense, whether it be common law or by
statute, includes generic terms, it is not sufficient that the in-
dictment shall charge the offense in the same generic terms as in
the definition; but it must state the specifics it must descent to
a particulars, **United States v. Crikshank**, 92 U.S. 542, 558, 23 L.Ed.
588, 593.  An indictment not framed to appraise the defendant with

reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L,Ed. 819, 820. In an indictment upon statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See, **United States v. Carll**, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstance as well inform the accused of the specific offense, coming under general description with which he is charged, (an indictment that fails to state its jurisdiction nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions). For similar views see, **United States v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; **Blitz v. United States**, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; **Keck v. United States**, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; **Morissette v. United States**, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v. Petrillio**, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the F.R.C.P. In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant just  and proper notice of the nature

of the offense. An indictment that must rely on a statutory citation does not fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary to constitute the offense intended to be punished (or to sustain the charges). See, **Hamling v. United States**, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury. See, **United States v. Pupo**, 841 F.2d 1235 (4th Cir. 1988) quoting, **United States v. Hooker**, supra. at 841 F.2d 1225 (4th Cir. 1988). As stated in **Hooker**, when an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment may not stand. A Grand Jury in order to make the ultimate determination, must necessarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of a basic protection which guarantee of intervention of a Grand Jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views

see, **Orfield Criminal Procedure from Arrest to Appeal 243**. This
underlying principal is reflected by the settled rule in the federal
courts that an indictment may not be amended by resubmission to the
Grand Jury unless the charge is merely a matter of form, **Ex Parte
Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781; **United States v.
Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424; **Stirone v. United
States**, 361 U.S. 212, 4 L.Ed. 2d, 80 S.Ct. 270. If it lies within
the province of a court to amend an indictment to suit its own no-
tion of what ought to have been, when such allegation of a commerce
nexus is not submitted to the Grand Jury, neither the government
or court has the authority to amend an indictment to incorporate
the crucial missing element. The great importance which the common
law attaches to an indictment by a Grand Jury, as a prerequisite to
a prisoner's trial for a crime and without which the Constitution
says no person shall be held to answer, may be frittered away until
its value is almost destroyed. Any other doctrine would place the
rights of the citizens which were intended to be protected by this
Constitutional provision, at the mercy or control of the court or
prosecuting attorney; for if it be once held that the charges can
be made by the consent or the order of the court in the body of the
indictment as presented by the Grand Jury, and the prisoner can be
called upon to answer to the indictment as thus changed, the re-
striction which the Constitution places upon the power of the court,
in regards to the prerequisite of an indictment, in reality no long-
er exists. **Ex Parte Bain**, supra (121 U.S. at 10. 13). This court
must be aware that "the very purpose of the requirement that a man
be indicted by a Grand Jury is to limit his jeopardy to offenses

charged by a group of his fellow citizens acting independently of either posecuting attorney or judge." See, **Stirone v. United States**, **supra. (361 U.S. at 218).**

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION

## OVER LOCUS IN QUO

### 39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

### 40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter.  It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law.  But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

### 41.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers.  That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes

///// - 29 Memorandum of Law with Incorporated Points and Authorities -

by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas. But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States. **United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Beford**, 27 Fed. Cas., pg. 91 ; 103 Case No. 15, 867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by a Congressional act pursuany to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the Common Law. Thus, it has been said that, "There is no Federal

///// - 30 Memorandum of Law with Incorporated Points and Authorities -

Common Law."

44.

But the better way of stating this is to say, "There are no Common Law offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687, (1897); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); **Donnelley v. United States**, 276 U.S. 505, 511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 Fed. 2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. **United States v. Grossman**, 1. Fed. 2d 941, 950-51 (1924).

45.

BY "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." **State of Pennsylvania v. The Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Kidnapping, Arson, Rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the United States

///// - 31 Memorandum of Law with Incorporated Points and Authorities -

is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated powers of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. **Art.** §8 but there is no reference to a Common Law Authority. Every power is [a] matter of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. **The United States v. Wortall,** 2 Dall. (2 U.S. ) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case seem desirable. A principal share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court of legislature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of the official oath. (28 U.S.C. §453 - 18 U.S.C. §1621) and piblic duty; and if its course could become a precedent, these instruments would be of little avail. What a court is to do, therefore, is to declare the Law as written. **T.M. Cooley. A Treaties on the Constitutional Limitations,** 5th Ed., pp. 54, 55, rather than be swayed by political ambition and the unlawful usurpation of police powers. Chief Justice John Marshall stated:

///// - 32 Memorandum of Law with Incorporated Points and Authorities -

" We [Judges] have no right to decline the exercise of jurisdiction which is given, that to usurp that which is not given.  The one or the other would be **Treason** to the Constitution".  <u>Cohens v. Virginia</u>, U.S. 264, 404 (1821).

48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I).  The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives."  The main work of revision is done by a subcommittee or office of this committee called "The Office of the Law Revision Counsel of the House of Representatives."  It consists of an appointed supervisor, some members of Congress, some volunteer Lawyers, and persons from West Publishing of St. Paul Minnesota.

49.

When the U.S. Code was first published, it never was stated to be the official laws of the United States.  Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie evidence of the laws of the United States."  On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such.  It is only a prima facie of the statement of the statute law....  If construction is necessary, recourse must be had to the original statutes themselves.  <u>Five Flages Pig Line Co., v. Dept. of Transportation</u>, 854, F.2d 1438, 1440 (1988); <u>Stephan v. United States</u>, 319 U.S. 415, 426 (1943), <u>44 Stat. Part 1</u>, preface; <u>Murrell v. Western Union Tel. Co.</u>, 160 F.2d 787, 788, (1947); <u>United States v. Mercur Corp.</u>, 83 F.2d 178, 180 (1936).

50.

This tells us that the United States Code, as originally estab-
lished, was not on an equal plain with the "original statutes" or
the **Statutes at Large**. Thus, the Code was not **True Law**. With the
state of regular use of the U.S. Code, numerous problems arose in
that it contained mistakes, errors and inconsistencies as compared
to the Statutes at Large. Thus, in 1947, Congress enacted several
of the Titles into "positive law," such as the Act: "To codify and
enact into positive law, **Title 1 of the United States Code**," in
doing so they devised some new terminology; which is set out under
61 Stat. 633, 638-644; 1 U.S.C. §204(a).

51.

Look back at the cases cited, which state that the criminal
jurisdiction of the United States exists only by Acts of Congress
pursuant to the Constitution. In the nature of a question of law,
if a federal court were asked whether the Code cited in an indict-
ment is an Act of Congress, the court could not gightfully say it —
is, because the Code citation contains no Congressional enacting
for that citation as required by 61 Stat. 633, 634 §101. If no
such enacting clause appears on the face of the law, it is not an
Acy of Congress and **no** criminal jurisdiction exists without a bona
fide Act of Congress. The argument in such a case is that the in-
dictment does not set forth a case arising under the Constitution,
as there is no Act of Congress with a duly required enacting clause.
Thus, there is no subject matter jurisdiction pursuant to the fed-
eral judicial power defined in the nature of **Article III, §2 of
the Federal Constitution**.

52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress. In fact, the Code is always regarded as something different from the **Statutes at Large.**

> But **no one denies that the official source to find United**
> States law is the <u>Statutes at Large</u> and the Code is only
> prima facie evidence of such laws.

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction. When an accused party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State. <u>Slaughter-House Cases</u>, 83 U.S. 36; <u>United States v. Dewitt</u>, 76 U.S. 41; <u>Gibbons v. Ogden</u>, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, <u>Keller v. United States</u>, 213 U.S. 138. The exercise of the police power by a state is beyond interference by the Federal Government. See also, <u>People v. Godfrey</u>, 17 Johns 225, at 233 (N.Y. 1818); <u>United States v. Bevans</u>, 16 (3 Wheat) 336 (1818) <u>Adams v. United States</u>, 319 U.S. 312 (1943), and <u>Caha v. United</u>

**States,** 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of misapplication.

## UNPROMULGATED REGULATORY STATUTES

56.

**Defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the Petitioner is charged.**

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulation. The Petitioner would like the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact <u>commercial regulatory statutes</u> which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under **44 U.S.C. §1505, et seq., and 5 U.S.C. §601.** Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violations of Unpromulgated Regulatory Statutes. The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus these Federal Statutory Provisions **Title 21 U.S.C. §§841(a)(1), and 846** lack the force and effect of Law, when misapplied beyond the

parameters of Rule 54(c) - Acts of Congress, of Federal Rules of
Criminal Procedure.

58.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high
court stated, "It is well established as a principal of law, that
all federal legislation applies only within the territorial juris-
diction of the (federal) United States unless contrary intent
appears." In order for a contrary intent to be facilitated, dele-
gations of authority and implementing regulations must be published
in the Federal Register.

59.

Fortunately, there is a readily available method for discerning
which Statute at Large, and which Statute contained within the 50
Titles of the United States Code, possess either restricted applic-
ation, or general applicability to the several States and the pop-
ulation at large. This method is through consulting the Parallel
Tables of Authority and Rules which begin at page **709 of the 1998
Index Volume to the Code of Federal Regulations.** Its authority is
located at **1 C.F.R. §8.5(a).**

60.

The **Administrative Procedure Act**, located at <u>5 U.S.C. §§552
ET SEQ.</u>, and the Federal Register Act, located at <u>44 U.S.C. §1505
et seq.</u>, provide the means for determining which Statutes in any
given Act of Congress are applicable, within federal areas, and which
Statutes have "general" applicability within the territories, en-
claves, and insular possessions, belonging to the Federal United

States.  At **§1505(a)(1), of Title 44 of the United States Code,** it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal government.

### 61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time.  However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

### 62.

In **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954), at p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by statutory enactment of the Legilature **(22 C.J.S. Crim. Law, see 17).**  Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted.  Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal.  If certain acts have not been made crimes by duly enacted law, the knowledge of their administrative proscription cannot subject the informed person to criminal prosecution.  **While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law general applicability and therefore, a person who does not comply with its provisions cannot be guilty of a crime."**

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78 S.CT. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and the Code of Federal Regulations are **prima facie evidence** of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Shafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the court stated, "The publication of a document in the Federal Register creates a rebuttable presumption of validity." **Northern States Power Co. v. Rural Electrification Administration**, 248 F. Supp 616 (1965), the court stated, "Rules by which government agency of general applicability and published in accordance with the Federal Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. **Fed. Reg. Act §1, et seq., 44 U.S. C.A. §301 et seq.**

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal posecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal con-

sequences attach under the Statute authorizing the promulgation of
the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the
court stated, "An individual cannot be prosecuted for violating the
"Act" unless he violates an implementing regulation."  See also,
**United States v. Two Hundred Thousand Dollar**, 590 F. Supp 846 (S.D.
**Fla. 1984)**, specifically stated at 1 C.F.R. §1, "All regulations
must be published in the Federal Register to have general applic-
ability and legal effect."  Regulation published by the Secretary at
26 C.F.R. 601-702(ii), acknowledge the effect of failure to publish
by stating, "Thus for example, any such matter which imposes an ob-
ligation and which is not so published or incorporated by reference
will not adversely change or affect a persons rights."

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S.
95 (1964), that , "Under 1 U.S.C. §204(A), which provides that the
United States Code establishes prima facie the laws of the United
States and that when Titles of the Code are enacted into positive
law, the text thereof is legal evidence of the law contained therein,
the very meaning of 'prima facie' is that the Code cannot prevail
over the Statutes at Large when the two are inconsistent.  If con-
struction of a section of the United States Code which has not been
enacted into positive law is necessary, recourse must be had in the
Original Statutes themselves and a changed arrangement made by the
codifier without the approval of Congress should be given no weight.
**Stephan v. United States**, 319 U.S. 423 (1943); Best **Foods v. United**

**States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); **Peart v. Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974).

67.

The provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the Federal Constitution of the 'FAir Notice Doctrine', set out under **United Statesvv. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed. 2d 48 at 56. "A regulation beyond the scope of, or in harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; **Manhattan Gen. Equip. Co. v. C.I.R.**, 297 U.S., at 134, **Neel v. United States**, 266 F.Supp., at 10. To make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each. **Western Union Teleg. Co. v. F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976) cert. den. 429 U.S. 1029 (1977). An Administrative Regulation must be reasonably related to advancing the purpose of the enabling legislation. **Morning v. Family Publications Services, Inc.**, 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity in the statute or a regulation issued thereunder is, enough to resolve doubts in favor of the defendant. **United States v. Mersky**, supra.

FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS

68.

The defense counsel was ineffective by failing to raise or challenge the self-evident and self-declaring defects in the government's charging instruments.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense.  The legitimate application and charging of **Title 21 U.S.C. §§841(a)(1), and 846,** must be connected to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing.  See, **United States v. Pupo,** 841 F.2d 1235.  The Petitioner argues that an indictment fails to apprise the accused party of what he must be prepared to defend against.  Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in apprising the Petitioner of the Grand Jury's authority to indict under **Title 21 U.S.C. Sections 841(a)(1), and 846,** see, **United States v. Young,** 730 F.2d at 224 (the particular predicate for jurisdiction is essential element of offense); **United States v. McCray,** 665 F.2d 664, 678, 679 **(5th Cir. 1982).**  The Constitutional Rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modifications contradict the very purpose of the Fifth Amendment Grand

Jury requirement.  See, United States v. Stirone, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. see at 273 (expressing similar views). The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate or Intra-state or any commerce was not cured by the citation of the Statutes. In the sufficiency of an indictment it is the statement of facts in the pleadings rather than the Statutory Citation that is controlling.  See, United States v. Wuco, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976).  It is elementary that every ingredient of the crime must be charged in the bill, with a general reference to the provisions of the statute being insufficient.  See, Hale v. United States, 89 F.2d (4th Cir.) and United States v. Berlin, 472 F.2d 1002, 1007 (2nd Cir. 1973); also United States v. Beard, 414 F.2d 1014, 1017 (3rd Cir.).  This indictment under Title 21 of the United States Code Sections 841(a)(1), and 846, fails to allege a nexus between Petitioner's conduct and Interstate Commerce in dealing with an indictment where no alleged commerce allegation is made.  The Petitioner argues this court should hold that lack of a commerce allegation in the indictment, precludes it from considering whether a conviction under Title 21 of the United States Code Sections 841(a)(1), and 846, can be sustained even if the government alleged and proved that the offense had a nexus to commerce. See, United States v. Lopez, at 2 F.3d 1342, (the holding of the 5th Circuit Court of Appeals).

70.

The Federal Government's failure to establish proof of other
evidence or jurisdiction or ownership over each and every geographic
location in which the alleged criminal activities took place divest-
ed the court of jurisdiction over the subject matter and mandates
reversal. Where the lands were never ceded to the United States,
and the locations which lie within the territorial boundaries of
the States and not the Federal Government. Then the Federal Govern-
ment lacks jurisdiction over any criminal activities which lie there-
in. Thus, the government's view that **Title 21 of the United States
Code Sections 841(a)(1), and 846,** can be used and applied to all
crimes that occur any place or in any geographic location, even
though the statute lacks a commerce nexus, and the government's
failure to allege any effect on commerce or other basis for juris-
diction, and not withstanding the States sovereign jurisdiction
over its territory, are contrary to the Constitution of the United
States. Such a position would ask that this court to infer that
Congressional Laws may be converted to general police power and
authority, without statutory or Constitutional support which only
the States may properly possess.

71.

It is a firmly established and accepted fact that the Federal
Government's power, authority, and jurisdiction does not extend be-
yond the boundaries and parameters of the embodiment of the Federal
Government itself, i.e. "territory, lands, property owned by the
Federal Government over which jurisdiction has been ceded by the
state legislature." However, the Federal Government does not have

///// - 44 Memorandum of Law with Incorporated Points and Authorities - N

the power, nor does the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States.  Preventing and prosecuting such various crimes is much the business of the States than the Federal Government.  **Arizona v. Manypenny**, 451 U.S. 232, 101 S.Ct. 1657.  It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to the Federal Enclaves.  **United States v. Fessler**, 781 F.2d 384, 386 (1986).  In the instant matter, the facts and offense alleged do not conform with or meet any jurisdiction requirements described within and in the foregoing.  Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter is unlawful at its inception and duration.  To bring the offenses within the jurisdiction of the Fedral Courts, it must have been committed out of the jurisdiction of any State; it is not the offenses committed, but rather the place in which the offense is committed.  **People v. Godfrey**, 17 Johns 225 at 233.  In the doctrine of "Lex Loci" or the "Law of the place" determines that standard of conduct and governs as to matters within the right of action.  See, **Gray v. Blight**, 112 F.2d 696.  While no one disputes the proposition that "the Constitution created a Federal Government of limited powers," **Gregory v. Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991); and that while the Tenth Amendment makes explicit "that the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respective, or to the people."

72.

The argument is the division of authority between the State and Federal Government, and the Government's jurisdiction in sustaining conviction under the Federal Statutory Provisions in which the Petitioner is charged **Title 21 U.S.C. §§841(a)(1),and 846,** the government's broader reading of these statutes would mark a major inroad into the domain left to the States. If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States. If a power is an attribute of the States sovereignty (such as this one we are arguing), reserved by the Congress. See, **United States v. Oregon**, 366 U,S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961), **Case v. Bowles**, 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438 (1946); **Oklahoma ex rel Phillips v. Guy F. Atkinson Co.**, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is in this sense that the Tenth Amendment "States but a truism that all is retained which has not been surrendered." **United States v. Darby**, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put it, "this amendment ia a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated powers, it follows irrisistable, that what is not conferred is withheld and belongs to the States authorities." **3.j. Story Commentaries on the Constitution of the United States 752 (1833).**

The argument this Petitioner brings to this court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged prohibitive activity took place, in land, which were never ceded to the United States, the interstate commerce element becomes essential to establish jurisdiction and prove every element of the offense.  Applying the rational of the Supreme Court in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed. 2d 50 (1989), and **United States v. Hooker**, 841 F.2d 1225, like the decision in **Hooker** Petitioner maintains that the harmless error analysis of **Mechanik,** cannot be applied here because the court had no jurisdiction to try the Petitioner on a count which failed to expressly allege an effect on inter or intra-state commerce. Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with Interstate Commerce.  This action by the prosecutor, would certainly deprive the Petitioner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure.  For the defendant/petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him.  See, **Orfield Criminal Procedure from Arrest to Appeal, 243.**  Petitioner naw asserts his Fifth and Sixth Amendment Right of Due Process, in arguing that he was never indicted by his Grand Jury **for effecting any commerce!**  Thus, failure to present this element or state it in the pleading of the indictment, preclude the Appellate Court from sustaining his conviction,  For all these above reasons, Petitioner asks this Court to look carefully to the Constitution and the cited statutes,  Petitioner asks this Court to invoke the doctrine of

**Stare Decisis:** when a court has once laid down a principle of law applicable to a certain state of facts it will adhere to that principle, and apply it to all future cases, where facts are substantiatially the same regardless of whether the parties are the same. The doctrine of Stare Decisis, provides the means by which courts assure that the law will not merely change erratically but will develop in principle and inteligible fashion; the doctrine permits society to presume that bedrock principles are found in law rather than in the proclivities of individuals, and thereby contributes to the integrity of our Constitution system of government in appearance and in fact. Petitioner now invokes the doctrine of **Stare Decisis** to his arguments herein; "Any departure from the doctrine of Stare Decisis demands special justification." **Arizona v. Rumsey,** 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also **Olson v. Kennedy,** 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S,Ct. 2083 (1982). Stevens J. concurring in judgment. **Title 21 U.S.C. §§841(a)(1), and 846,** if Congress wanted these statutes to be used, outside of their territorial jurisdiction, such as anywhere or any place then it would have drafted the needed provision, which certainly would have included Interstate Commerce nexus that is required. "Federal criminal statutes intended to be enforced within the States exceeds Congress Commerce Clause authority." To uphold the government's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, **United States v. Lopez,** No. 93-1260, (decided April 26, 1995). In **McCullough v. Maryland,** 4 Wheat. 316

**(1819)**, the Federal Government had to acknowledge that it can only exercise power granted to it.  The enumerated presupposes something not enumerated.  See, **Gibbons, v. ogden, supra at 195.**  The Constitution mandates that Congress cannot give itself plenary police powers over the State territories.  Congress must operate within the framework of what the Supreme Court defines the law to be.  See, **Marbury v. Madison, 1 Cranch 137.**

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that §3551 **of Title** 18 applies only to those who according to the language of the statute, supra had been found guilty of any offense described in the Federal Statute...other than an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure.  Implementing regulations for **18 U.S.C. §3551** are at variance with their application in the instant cause.  Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federaj law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing Provisions, thus, the Sentencing Provisions set out under **18 U.S.C. §3551** do not apply to the accused.  By consulting the **Parallel Tables of Authorities and Rules 1997 Ed. at page 733**, it is found that the implementing regulation for **18 U.S.C. §3551** are set out under **43 C.F.R. 9260-public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R.**

242). Where the instant matter is concerned the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations provisions, thus, the sentencing provisions set out under **18 U.S.C. §3551** do not apply to the accused.

75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused **(18 U.S.C. §3551)** apply not to the Acts of Congress, which are applicable only in the District of Columbia.  See, **Rule 54(c)**.

76.

It may further be shown that the statutory provision. **18 U.S.C. §3551**, is at variance with its published implementing, thereby creating ambiguity as to its lawful authority and applicability over the accused.

77.

An invalid, unconstitutional, or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused party is indicted under a not yet effective or unenacted statute, the charging document is void.

78.

The indictment or complaint can be invalid if it is not

constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., 'Indictments and Information,'§§1 p.833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or mis-applied. If the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court, and renders all proceedings prior to the filing of a proper instrument void ab initio. **22 Corpus Juris Secundum, "Criminal Law," §324, p.390.**

79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

80.

The crux then of this whole issue of jurisdiction revolves around law, that is, the law claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is alleged but there is no law to form the basis of that crime, there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus,

if a complaint or information charges one with a violation of a law
which has no enacting clause, then no valid law cited.  If it cites
no valid law then the complaint charges no crime, and the court has
no subject matter jurisdiction to try the accused party.

> [N]o authority need to be cited for the proposition that, when a
> court lacks jurisdiction, any judgment rendered by it is void and
> unenforceable...and without any force or effect whatever.
> **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

### 81.

A judge or court may be in a legal sense immune from any claims
that it is guilty of wrong because of its improper exercise of juris-
diction.  However, it has no such protection where it lacks juris-
diction and the issue has been raised and asserted.  When the lack
of jurisdiction has been shown, a judgment rendered is not only bold,
but is also usurpation.  Jurisdiction is a fundamental prerequisite,
and an usurpation thereof is a nullity.  **22 Corpus Juris Secundum,
"Criminal Law," §150 p.183.**  The excessive exercise of authority has
reference to want of power over the subject matter, the result is
void when challenged directly or collaterally.  If it has reference
merely to the judicial method of the exercise of power, the result
is binding upon the parties to the litigation till reversed.  The
former is usurpation; the latter error in judgment.  **Voorhees v.
The Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line
which separates error in judgment from the usurpation of power is
very definite.

### 82.

This Honorable Court must be compelled to find as a Matter of
Law, that the Petitioner is in custody and detained of his Liberty

in violation of the Constitution of the United States of America,
where the foregoing and the court's own record support that the
Federal Government lacked Federal Legislative jurisdiction over the
locus in quo, whereon the purported prohibitive acts were committed;
and,

### 83.

That the government lacked Federal Subject Matter jurisdiction
where no prohibitive acts or conduct of the Petitioner moved beyond
the borders of the sovereign state, nor was the Petitioner indicted
via the governments charging instrument, for an alleged violation
of the Federal Interstate Commerce Statute, thus, the Federal Govern-
ment **lacked Federal Subject Matter jurisdiction,** a sine qua non to
federal prosecution of the offense alleged against the Petitioner.

### CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Pro-
visions under which the Petitioner is imprisoned and detained of his
LIBERTY, have not been promulgated by Congress in the Federal Reg-
ister (44 U.S.C. §1505), nor do such statutory provisions possess
published implementing regulations in the Code of Federal Regulat-
ions, nor is there to be found an Amendment to the Constitution,
ratified by the several sovereign states, to provide for nationwide
application of these Federal Statutory Provisions.

### 85.

The Constitution of the United States of America, provides that
it is only the Congress of the United States who has the authority
to create and enact Federal Laws.

///// - 53 Memorandum of Law with Incorporated Points and Authorities - N

86.

The Statutory Provisions under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under **62 Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find as a Matter of Law that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the Petitioner is unlawfully

incarcerated and detained in violation of his secured Constitutional Rights by way of judgment of the court in want of jurisdiction, and the denial of the effective assistance of counsel. The Petitioner must therefore, by law, be released and discharged from Federal custody forthwith.

Date: 2/11/ _____ , 2007          Respectfully Submitted by,

                                      *Courtney Brooks*

                                      Courtney Dewayne Brooks/pro-se

TABLE OF CITATIONS

FROM THE MEMORANDUM OF LAW

3.

ADAMS v. UNITED STATES, Dk. No. 97-2263 (2nd Cir. 1998)

UNITED STATES v. MORGAN, 346 U.S. 502, 505 (1954)

4.

28 U.S.C. §88 District of Columbia Courts, Act of June 7, 1934, 48 Stat. 926, and the Act June 25, 1936, 49 Stat. 1921

O'DONOGHUE v. UNITED STATES, 289 U.S. 516 (1933), 77 L.Ed. 1356, 53 S.Ct. 74

MOOKINI v. U.S., 303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543

FEDERAL TRADE COMMISSION v. KLESNER, 274 U.S. 145 (1927)

CLAIBORNE-ANNAPOLIS FERRY CO. v. UNITED STATES, 285 U.S. 382 (1932)

6.

HARTFORD v. DAVIES, 16 S.Ct. 1051 (1896)

UNITED STATES v. BEAVANS, 16 U.S. (3 Wheat) 336 (1818)

UNITED STATES v. BENSON, 495 F.2d 481 (1946)

UNITED STATES v. ROGERS, 23 F. 658 (DC Ark. 1885)

FORT LEAVENWORTH RAILROAD v. IOWA, 114 U.S. 525 (1885)

ADAMS v. UNITED STATES, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)

7.

UNITED STATES v. JOHNSON, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681

9.

**UNITED STATES v. BEAVENS**, 16 U.S. Wheat 336 (1818)

3 WHEAT at 350, 351

3 WHEAT at 386, 387

3 WHEAT at 388


11.

**People v. Godfrey**, 7 Johns 225 N.Y. (1819)

17 Johns at 233 (emphasis added)


12.

United States v. Beavens, supra

United States v. Cornell, 2 Manson 60, 1 Cir. (1819)

2 Manson, at 63


13.

**New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836)

10 Pet. at 737


14.

**New York v. Miln**, 36 U.S. (11 Pet.) 102 (1837)

36 U.S. at 133

36 U.S. at 139


15.

**Pollar v. Hagan**, 44 U.S. (3 How.) 212 (1845)

44 U.S. at 221

44 U.S. at 228, 229


16.

**Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525, (1885) 995

114 U.S. at 531

2-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

20.

United States v. Fox, 95 U.S. 670, 672 (1877)

Manchester v. Massachusetts, 139 U.S. 240, 262 (1890)

United States v. Flores, 289 U.S. 137, 151 (1932)

U.S. v. Bedford, 27 Fed. Cas. p.91, 103, Case No. 15,867 (1847)

22.

United States v. Britton, 108 U.S. 199, 206 (1882)

United States v. Eaton, 144 U.S. 677, 678 (1891)

United States v. Gradwell, 243 U.S. 476, 485 (1916)

Donnelley v. United States, 276 U.S. 505-511 (1927)

Jerome v. United States, 318 U.S. 101, 104 (1942)

Norton v. United States, 92 Fed. 2d 753 (1937)

United States v. Grossman, 1 Fed. 2d 941, 950-51 (1924)

23.

State of Pennsylvania v. The Wheeling E. Bridge Co., 13 How. (54 U.S.) 518, 563 (1851)

24.

The United States v. Worrall, 2 Dall. (2 U.S.) 384, 391 (1798)

25.

T.M. Cooley, A Treatise on the Constitutional Limitation, 5th Ed. pp. 54, 55

Cohens v. Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821)

20 Am Jur 2d §60, 377

Davis v. Rogers, 1 Houst (del) 44

28.

Hagan v. Lavine, 415 U.S. 528 (1974)

Ex Parte McCardle, 7, Wall 506 19 L.Ed. 264

e.q. Marbury v. Madison, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803)

Mitchell v. Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)

3-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

**Judice v. Vail**, 430 U.S. 327, 331, 332 51 L.Ed.2d 376, 97 S.Ct. 1211 (1977)(standing)

**Bender v. Williams Port Areas School District**, 475 U.S. 534, L.Ed.2d 501, 106 S.Ct. 1326

**United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936)

**e.q. Sumner v. Matta**, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981)

**City of Kenosha v. Bruno**, 412 U.S. 507, 511 37 L.Ed.2d, 109, 93 S.Ct. 2222 (1973)

**Clark v. Paul Gray, Inc.**, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939)

**St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 287-288 n. 10 82 L.Ed. 845 58 S.Ct. 586 (1939)

**Marbury v. Madison**, 5 U.S. 137, 176-178, 1 Cranch 137 (1803)

**Bell v. Maryland**, 378 U.S. 266, 224 (1964)

**Stanard v. Olesen**, 74 S.Ct. 768 (1954)

**McNutt v. G.M.**, 56 S.Ct. 789, 80 L.Ed. 1135

**Thomas v. Gaskiel**, 62 S.Ct. 673, 83 L.Ed. 111

**Housenbaum v. Bauer**, 120 U.S. 450 (1887)

31.

**46 American Jurisprudence 2d Judgments §26**

**American Jurisprudence 2d Courts §115**

32.

**State of Rhode Island et, al v. Commonwealth of Mass.**, 37 U.S. 657 (1938)

**Adams v. United States**, 87 L.Ed. 1421

**American Jurisprudence 2d Courts  §60**

<u>Old Wayne Mut. Life Asso. v. McDonough</u>, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236

35.

<u>Stirone v. United States</u>, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) at 857

36.

<u>Brecht v. Abrahamson</u>, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993)

<u>Engle v. Isaac</u>, 456 U.S. 107, 128, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)

<u>United States v. Unmans</u>, 410 U.S. 396, 411-412, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973)

<u>United States v. Bass</u>, 404 U.S. 336, 349 30 L.Ed.2d 488, 92 S.Ct. 515 (1971)

37.

<u>United States v. Knowles</u>, 29 F.3d 947, 952 (5th Cir. 1994)

38.

<u>Meyer v. United States</u>, 175 F.2d 45, 47 (2nd Cir. 1959)

<u>Lewellyn v. Nunez</u>, 573 F.2d 769 (2nd Cir. 1978)

<u>C.I.R. v. Ridgeway's Estates</u>, 291 F.2d 257 (3rd Cir. 1961)

<u>United States v. Cruikshank</u>, 92 U.S. 542, 558 23 L.Ed. 588, 593

<u>United States v. Simmons</u>, 96 U.S. 360, 362, 24 L.Ed. 819, 820

<u>United States v. Carll</u>, 105 U.S. 611, 612, 26 L.Ed. 1135

<u>U.S. v. Hess</u>, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543

<u>Blitz v. U.S.</u>, 153 U.S. 308, 315, 38 L.Ed. 725, 14 S.Ct. 924

<u>Keck v. U.S.</u>, 172 U.S. 434, 437 43 L.Ed. 505, 507, 19 S.Ct. 254

<u>Morissette v. U.S.</u>, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf.

<u>U.S. v. Petrillio</u>, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538

<u>Hamling v. U.S.</u>, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d

<u>U.S. v. Pupo</u>, 841 F.2d 1235 (4th Cir. 1988)

<u>U.S. v. Hooker</u>, supra at 841 F.2d 1225 (4th Cir. 1988)

<u>Orfield Criminal Procedure from Arrest to Appeal 243</u>

<u>Ex Parte Bain</u>, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781

<u>United States v. Norris</u>, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424

<u>Stirone v. United States</u>, 361 U.S. 212, 4 L.Ed 2d 252, 80 S.Ct. 270

<u>Ex Parte Bain</u>, supra (121 U.S. at 10, 13)

<u>Stirone v. United States</u>, supra (361 U.S. at 218

42.

<u>United States v. Fox</u>, 95 U.S. 670, 672 (1877)

<u>Manchester v. Massachusetts</u>, 139 U.S. 240, 262 (1890)

<u>United States v. Flores</u>, 289 U.S. 137, 151 (1932)

<u>U.S. v. Bedford</u>, 27 Fed. Cas., p. 91, 103, Case No. 15,867 (1847)

44.

<u>United States v. Britton</u>, 108 U.S. 199, 206 (1882)

<u>United States v. Eaton</u>, 144 U.S. 677, 687 (1897)

<u>United States v. Gradwell</u>, 243 U.S. 476, 485 (1916)

<u>Donnelley v. United States</u>, 276 U.S. 505, 511 (1927)

<u>Jerome v. United States</u>, 318 U.S. 101, 104 (1942)

<u>Norton v. United States</u>, 92 Fed. 2d 753 (1937)

<u>United States v. Grossman</u>, 1 Fed. 2d 941, 950-51 (1924)

45.

<u>State of Pennsylvania v. The Wheeling E. Bridge Co.</u>, 13 How. (54 U.S.) 518, 563 (1851)

<u>The United States v. Wortall</u>, 2 Dall. (2 U.S.) 384, 391 (1798)

47.

<u>T.M. Cooley, A Treatise on the Constitutional Limit.</u> 5th Ed. p. 54, 55

Cohens v. Virginia, U.S. 264, 404 (1821).

49.

Five Flags Pig Line Co. v. Dept. of Transportation, 854, F.2d 1438, 1440 (1988)

Stephan v. United States, 315 U.S. 415, 426 (1943)

44 Stat. Part 1, preface,

Murrel v. Western Union Tel. Co., 160 F.2d 787, 788, (1947)

United States v. Mercur Corp., 83 F.2d 178, 180 (1936)

53.

Roger's Inc. v. United States, 265 F.2d 615, 618 (1959)

55.

Slaughter-House Cases, 83 U.S. 36

United States v. Dewitt, 76 U.S. 41

Gibbons v. Ogden, 22 U.S. 1

Keller v United States, 213 U.S. 138

People v. Godfrey, 17 Johns 225, at 233 (N.Y. 1818)

United States v Beavens, 16 (3 Wheat) 336 (1818)

Adams v United States, 319 U.S. 312 (1943)

Caha v United States, 152 U.S. 211, 215 (1894)

58.

Foley Brothers v Filardo, 336 U.S. 281 (1949)

62.

Hotch v United States, 212 F.2d 280 (9th Cir. 1954), at p.283

63.

Wei v Robinson, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 335 U.S. 879

7-Table of Cit. from Memo. of Law w/Incorp.  Points and Auth. - N

Shafer v United States, 229 F.2d 124, cert. d__. 76 S.Ct. 78, 351 U.S. 931

**Northern States Power Co. v Rural Electrification Administration** 248 F.Supp 616 (1965)

64.

**United States v Mersky**, 361 U.S. 431, 438 (1960)

65.

**United States v Reinis**, 794 F.2d 506 (9th Cir. 1986)

**United States v Two Hundred Thousand Dollars**, 590 F.Supp 846 (S.D. Fla. 1954)

66.

**United States v Welden**, 377 U.S. 95 (1964)

**Stephen v United States** 319 U.S. 423 (1943)

**Best Foods v United States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956)

**Peart v Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974)

67.

**United States v Nevers**, 7 F.3d 59 (5th Cir. 1993)

**United States v Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d, 48 at 56

**Manhattan Gen. Equip. Co. v C.I.R.**, 297 U.S. at 134

**Neel v United States**, 266 F.Supp. at 10

**Western Union Teleg. Co. v F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976, cert. den. 429 U.S. 1029 (1977)

**Morning v Family Publications Services, Inc.**, 411 U.S. 356, 369 (1973)

**United States v Mersky**, supra

69.

**United States v. Pupo**, 841 F.2d 1235

8-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

United States v York, 730 F.2d at 224

United States v McCray, 665 F.2d 664, 678, 679 (5th Cir. 1982)

United States v. Stirone, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct.

United States v Wuco, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429
U.S. 987, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976)

Hale v  United States, 89 F.2d  (4th Cir.)

United States v Berlin, 472 F.2d 1002, 1007 (2nd Cir. 1973)

United States v. Beard, 414 F.2d 1014, 1017 (3rd Cir.)

UNited States v Lopez, at 2 F.3d 1342

71.

Arizona v Manypenny, 451 U.S. 232, 101 S.Ct. 1657

United States v Fessler, 781 F.2d 384, 386 (1986)

People v Godfrey, 17 Johns 225 at 233

Gray v Blight, 112 F.2d 696

Gregory v Ascroft, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct.
2395 (1991)

72.

United States v Oregon, 366, U.S. 643, 649, 6 L.Ed.2d 575, 81
S.Ct. 1278 (1961)

Case v Bowles, 327 U.S. 92, 102 90 L.Ed. 552, 66 S.Ct. 438 (1946)

Oklahoma ex rel Philips v Guy F. Atkins Co., 313 U.S. 508, 534,
85 L.Ed. 1487, 61 S.Ct. 1050 (1941)

73.

United States v Darby, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct.
451, 132 ARL 1430 (1941)

United States v Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938 S.Ct. 938,
941, 89 L.Ed.2d 50 (1989)

United States v Hooker, 841 F.2d 1225

9-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

_Arizona v Rumsey_, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984)

_Olsen v Kennedy_, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S.Ct. 2083

_United States v Lopez_, No. 93-1260, (decided April 26, 1995)

_McCullough v Maryland_, 4 Wheat 316 (1819)

_Gibbons v Ogden_, supra at 195.

_Marbury v Madison_, i Cranch 137, 177 (1803)

74.

_18 USC §3551_

Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733

43 C.F.R. 9260-public lands, Alaska

36 C.F.R. 242- subsistence management regulations for public lands in Alaska

50 C.F.R. 100, (same as C.F.R. 242)

78.

42pC.83S. 'Indictments and Information' §1

22 Corpus Juris Secundum, "Criminal Law", §324, p. 390

80.

_Hooker v Boles_, 346 F.2d 285, 286 (1965)

81.

22 Corpus Juris Secundum, "Criminal Law", §150 p. 183

_Voorhees v The Bank of the United States_, 35 U.S. 449, 474-75 (1836)

84.

Federal Register (44 U.S.C. §1505)

10-Table of Cit. from the Memo. of LAw w/Incorp. Points and Auth. - N

Courtney Dewayne Brooks/23156-009
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463


## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY DEWAYNE BROOKS,    )<br><br>               Petitioner,  )<br><br>vs.                     )<br><br>ALBERTO GONZALES, ESQ.,  )<br>ATTORNEY GENERAL FOR THE  )<br>"UNITED STATES,"       )<br><br>and                   )<br><br>HARLEY G. LAPPIN, DIR.,  )<br>FEDERAL BUREAU OF PRISONS, )<br><br>            Respondents.  ) | CASE No. <u>4:03CR00272-01 GH</u><br><br>RE: CASE No. <u>             </u><br><br>**CAUSE**<br><br>**MOTION TO REQUEST**<br>**JUDICIAL NOTICE**<br>**IN THE NATURE OF RULE 201(d)**<br>**OF THE**<br>**FEDERAL RULES OF EVIDENCE** |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW,** Courtney Dewayne Brooks, in want of counsel, accused in the above captioned cause, and as Petitioner for the instant motion to request 'Judicial Notice' in the nature of Rule 201(d) of the Federal Rules of Evidence, shows this court as follows:

1.

That the undersigned requests the court to take 'Judicial Notice' of a certain excerpt from the United States Government's publication, which is specifically "The Report of the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the [several sovereign] States."

///// - 1 Judicial Notice - Rule 201(d) - N

2.

That the Undersigned requests the court to take 'Judicial Notice' of the statutes of the State of Louisiana, without limit-ation, at Chapter 1 §1, et. seq.

3.

That the undersigned requests the court to take 'Judicial Notice,' without limitation, to Article I, Section 8, Clause 17, in amendment to the Constitution of the United States.

4.

That the undersigned requests the court to take 'Judicial Notice,' of the Government's 'charging instruments' whereon, the Government fails to describe a 'locus in quo,' wherein the alleged violative conduct of the undersigned was committed; which is within the legislative, territorial or admiralty jurisdiction of the Federal United States, corporation. (28 U.S.C. §3002 (15)(A)).

5.

That the undersigned requests the court to take 'Judicial Notice' of the self-evident fact that the Government's charging instrument(s) fail to allege or charge the undersigned with an alleged violation of ' The Federal Commerce Clause,' which is in the 'sine qua non' to the legitimate application of the federal statutory provisions under which the undersigned was charged, with-out nexus to the former, there can be no operation of the latter.

6.

That the undersigned submits the following for judicial review by the court, citing from the Government's report entitled: " JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES,"subtitled: " Report of the Interdepartmental Committee for the study of Jurisdiction over Federal Areas within the States."

///// - 2 Judicial Notice Rule 201(d) - N

The Constitution of the United States at Article I, Section 8, Clause 17:

> "The Congress shall have power...To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten miles square) as may, by Cession of Particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards and other needful Buildings;-- And To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Office thereof...

The significance of the foregoing in the above styled action is the purported plaintiff herein cannot demonstrate that the Court has jurisdiction to adjudicate the matter. In support of the said argument the undersigned refers the Court to a publication entitled JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES, and subtitled Report of the Interdepartmental Committe for the Study or Jurisdiction over Federal Areas within the States, which was published in two volumes by the United States printing office. Excerpts from the said publication are as follows:

///// - 3 Judicial Notice Rule 201(d) - N

"The White House,
Washington, April 27, 1956

Dear Mr. Attorney General:

I am herewith returning to you, so that it may be published and receive the widest possible distribution among those interested in Federal real property matters, Part I of the Report of the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States. I am impressed by the well-planned effort which went into the study underlying this report and by the soundness of the recommendations which the report makes.

It would seem particularly desirable that the report be brought to the attention of the Federal administrators of real properties, who should be guided by it in matters related to legislative jurisdiction, and to the President of the Senate, the Speaker of the House of Representatives, and appropriate State officials, for their consideration of necessary legislation. I hope that you will see to this. I hope, also, that the General Services Administration will establish as soon as may be possible a central source of information concerning the legislative jurisdictional status of Federal properties and that that agency, with the Bureau of the Budget and the Department of Justice, will maintain a continuing and concerted interest in the progress made by all Federal agencies in adjusting the status of their properties in conformity with the recommendations made in the report.

The members of the Committee and the other officials, Federal and State, who participated in the study, have my appreciation and congratulations on this report. I hope they will continue their good efforts so that the text of the law on the subject of legislative jurisdiction which is planned as a supplement will issue as soon as possible.

Sincerely,
Dwight D. Eisenhower.

The Honorable Herbert Brownell, Jr.,
The Attorney General, Washington, D. C."

and

# LETTER OF ACKNOWLEDGMENT

The White House
Washington, July 8, 1957.

Dear Mr. Attorney General:

I have taken note of the final report (Part II) which you transmitted to me, rendered by the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States. It is my understanding that the report is to be published and distributed, for the purpose of making available to Federal administrators of real property, Federal and State legislators, the legal profession, and others, this text of the law of legislative jurisdiction in these areas.

In view of the fact that the work of the Committee is completed, and since other departments and agencies of the Government now have clear direction for turning this work into permanent gains in improved Federal-State relations, the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States is hereby dissolved.

Chairman Perry W. Morton and the members of this Committee have my congratulations and sincere appreciation of their service to our country in bringing to light the facts and law in this much neglected field. This monumental work, culminating three years of exhaustive effort, lays an excellent foundation for allocating to the States some of the functions which under our Federal-State system should properly be performed by State Governments.

Sincerely,
Dwight Eisenhower

The Honorable Herbert Brownell, Jr.,
The Attorney General,
Washington, D. C.

## LETTER OF TRANSMITTAL

Office of the Attorney General,
Washington, DC, June 28, 1957.

Dear Mr. President:

The Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States now has submitted the second, and final, part of its report, a text of the law of legislative jurisdiction over such areas.

This exhaustive and analytical exposition of the law in this hitherto little explored field is a valuable supplement to the first part of the report, the compilation of facts, with recommendations, which received your commendation in April 1956, and constitutes a major addition to legal bibliography.

Together, the two parts of this Committees report and the full implementation of its recommendations will provide a basis for reversing in many areas the swing of "the pendulum of power" * * * from our states to the central government, to which you referred in your address to the Conference of State Governors on June 25, 1957.

The excellence of the work of the Committee reflects great credit upon its Chairman and members. Also especially noteworthy is the splendid assistance which the Committee received from the attorneys general of the several States, the general counsels of Federal agencies, and other State and Federal officials.

With the submission of this second part of its report the Committee has completed its work and recommends that it be dissolved. Since the Departments and other permanent agencies of the Federal Government now can carry out directions which you have issued based upon the work of the Committee, I join in this recommendation.

Respectfully,
Herbert Brownell, Jr.

# LETTER OF SUBMISSION

*INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF OVER FEDERAL AREAS WITHIN THE STATES JURISDICTION*
June 17, 1957.

Dear Mr. Attorney General:

With the encouragement of the President, the understanding aid of you and the heads of the other Federal agencies represented on the Committee, and the invaluable assistance of the Attorneys General of the several States and of the principal law officers of nearly all Federal agencies, the Committee now has completed, and herewith submits, the final portion of its report, subtitled "Part II, A Text of the Law of Legislative Jurisdiction."

This "Part II" supplements the portion of the Committee's report which you transmitted to the President on April 27, 1956. With its submission the work assigned to the Committee has been completed, and it is recommended that the Committee be dissolved.

Respectfully submitted,
PERRY W. MORTON,
Assistant Attorney General (Chairman).

ROBERT DECHERT,
General Counsel, Department of Defense (Vice Chairman).

HENRY H. PIKE,
Associate General Counsel, General Services Administration (Secretary).

ARTHUR B. FOCKE,
Legal Advisor, Bureau of the Budget.

ELMER F. BENNETT.
Solicitor, Department of the Interior.

ROBERT L. FARRINGTON,
General Counsel, Department of Agriculture.

PARKE M. BANTA,
General Counsel, Department of Health, Education, and Welfare.

GUY H. BIRDSALL,
General Counsel, Veterans. Administration.

# PREFACE

The Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States was formed on December 15, 1954, on the recommendation of the Attorney General approved by the President and the Cabinet The basic purpose for which the Committee was founded was to find means for resolving the problems arising out of jurisdictional status of Federal lands. Addressing itself to this purpose, the Committee; with assistance from all Federal agencies interested in the problems (a total of 33 agencies), from State Attorneys General, and from numerous other sources, prepared a report entitled Jurisdiction over Federal Areas Within the States Part I, The Facts and Committee Recommendations. This report, approved by the President on April 27, 1956, set out the findings of the Committee and recommended changes in Federal and State law, and in Federal agencies' practices, designed to eliminate existing problems arising out of legislative jurisdiction. It included two appendices.

The Committees research involved a general survey of the jurisdictional status of all federally owned real property in the 48 States, and a detailed survey of the status of individual such properties in the States of Virginia, Kansas, and California. These three named States were selected as containing Federal real properties representative of such properties in all the States. Information was procured concerning the practices and problems related to legislative jurisdiction of the 23 Federal Agencies controlling real property, and of the advantages and disadvantages of the several legislative jurisdictional statues for the various purposes for which federally owned land is used. This information is reflected and analyzed in the several chapters of Part I of the report, and is summarized in Appendix A of the same part.

The Committees study included a review of the policies, practices, and problems of the 48 States related to legislative jurisdiction. Information concerning these matters similarly is reflected and analyzed in various portions of Part I of the report, with Chapter V of the part being entirely devoted to the laws and problems of States related to legislative jurisdiction. Also, the texts of State (and Federal) constitutional provisions and statutes related to jurisdiction in effect as of December 31, 1955, are gathered in appendix B of Part I.

The major conclusions of the Committee, set out in Part I of - the report, which, of course, are applicable only to the 48 States to which the Committees study extended, and do not apply to present Territories or the District of Columbia, are to the effect that in the usual case the Federal Government should not receive or retain any of the States' Legislative Jurisdiction within federally owned areas, that in some special cases (where general law enforcement by Federal authorities is indicated) the Federal Government should receive or retain legislative jurisdiction only concurrently with the States, and that in any case the Federal Government should not receive or retain any of the States' legislative jurisdiction with respect to taxation, marriage, divorce, descent and distribution of property, and a variety of other matters, specified in the report, which are ordinarily the subject of State control.

The conclusions reached by the Committee were, of course, made only after an appraisal of the facts adduced during the study in the light of applicable law, including the great body of decisions handed down by courts and opinions rendered by governmental legal officers, Federal and State, interpretative of situations affected by legislative jurisdiction.

Recommendations made by the Committee, based on the conclusions indicated above and on certain subsidiary findings, now constitute the policy of the Executive branch of the

Federal Government, and are being implemented by Federal agencies to the extent possible under existing law. However, full implementation of these recommendations must await the enactment of certain suggested Federal and State legislation.

In the course of its study the Committee ascertained the existence of serious lack of legal bibliography on the subject-matter of its interest. With the concurrence of the Attorney General of the United States and the encouragement of the President, it has proceeded with the publication of this Part II of its report, a compilation of the court decisions and legal opinions it weighed in the course of its study of the subject of Legislative jurisdiction.

## LAW OF LEGISLATIVE JURISDICTION

Legal Problems many. -- In view of the vastness of Federal real estate holdings, the large variety of activities conducted upon them, and the presence on many areas of resident employees and other persons, it is to be expected that many legal problems will arise on or with respect to these holdings. In addition to the problems normally encountered in administering and enforcing Federal laws, complicated by occasional conflict with over-lapping State laws, the ownership and operation by the Federal Government of areas within the States gives rise to a host of legal problems largely peculiar to such areas. They arise not only because of the fact of Federal ownership and operation of these properties, but also because in numerous instances the Federal Government has with respect to such properties a special jurisdiction which excludes, in varying degrees, the Jurisdiction of the State over them, and which in other instances is, to varying extents, concurrent with that of the State.

## FEDERAL POSSESSION OF EXCLUSIVE JURISDICTION

By constitutional consent. – This special jurisdiction which is often possessed by the United States stems, basically, out of Article I, Section 8, Clause 17, of the Constitution of the United States, which provides, in legal effect, that the Federal Government shall have exclusive legislative jurisdiction over such area, not exceeding 10 miles square, as may become the seat of government of the United States, and like authority over all places acquired by the Government, with the consent of the State involved, For various Federal purposes. It is the latter part of the clause, the part which has been emphasized, with which this study is particularly concerned. There is a general public awareness of the fact that the United States Government exercises all governmental authority over the District of Columbia, by virtue of power conferred upon it by a clause of the Constitution. There is not the same awareness that under another provision of this same clause the United States has acquired over several thousand areas within the States some or all of those powers, judicial and executive as well as legislative, which under our Federal-State system of government ordinarily are reserved to the States.

By Federal reservation or State cession. For many years after the adoption of the Constitution, Federal acquisition of State-type legislative jurisdiction occurred only by direct operation of Clause 17. The clause was activated through the enactment of State statutes consenting to the acquisition by the Federal Government either of any land, or of specific tracts of land, within the State. In more recent years the Federal Government has in several instances made reservations of jurisdiction over certain areas in connection with the admission of State into the Union. A third means for transfer of legislative jurisdiction now

has come into considerable use, whereby in a general or special statute a State makes a cession of jurisdiction to the Federal Government. Courts and other legal authorities have distinguished at various times between Federal legislative jurisdiction derived, on the one hand, directly from operation of Clause 17, and, on the other, from a Federal reservation or a State cession of jurisdiction. In the main, however, the characteristics of a legislative Jurisdiction status are the same no matter by which of the three means the Federal Government acquired such status. Differences in these characteristics will be specially pointed out in various succeeding portions of this work.

Governmental Power merged in Federal Government. -- Whether by operation of Clause 17, by reservation of jurisdiction by the United States, or by cession of jurisdiction by States, in many areas all governmental authority (with recent exceptions which will be noted) has been merged in the Federal Government, with none left in any State. By this means some thousands of areas have become Federal islands, sometimes called "enclaves,.., in many respects foreign to the States in which they are situated. In general, not State but Federal law is applicable in an area under the exclusive legislative jurisdiction of the United States, for enforcement not by State but Federal authorities, and in many instances not in State but in Federal courts. Normal authority of a State over areas within its boundaries, and normal relationships between a State and its inhabitants, are disturbed, disrupted, or eliminated, as to enclaves and their residents.

The State no longer has the authority to enforce its criminal laws in areas under the exclusive jurisdiction of the United States. Privately owned property in such areas is beyond the taxing authority of the State. It has been generally held that residents of such areas are not residents of the State, and hence not only are not subject to the obligations of residents of the State but also are not entitled to any of the benefits and privileges conferred by the State upon its residents. Thus, residents of Federal enclaves usually cannot vote, serve on juries, or run for office. They do not, as a matter of right, have access to State schools, hospitals, mental institutions, or similar establishments. The acquisition of exclusive jurisdiction by the Federal Government renders unavailable to the residents of the affected areas the benefits of the laws and judicial and administrative processes of the State relating to adoption, the probate of wills and administration of estates, divorce, and many other matters. Police, fire-fighting, notarial, coroner, and similar services performed by or under the authority of a State may not be rendered with legal sanction, in the usual case, in a Federal enclave.

## EXERCISE OF EXCLUSIVE FEDERAL JURISDICTION

Legislative authority little exercised. -- States do not have authority to legislate for areas under the exclusive legislative Jurisdiction of the United States, but the Congress has not legislated for these areas either,, except in some minor particulars.

Exercise as to crimes. -- With respect to crimes occurring within Federal enclaves the Federal Congress has enacted the Assimilative Crimes Act, which adopts for enclaves, as Federal law, the State law which is in effect at the time the crime is committed. The Federal Government also has specifically defined and provided for the punishment of a number of crimes which may occur in Federal enclaves, and in such cases the specific provision, of course, supersedes the Assimilative Crimes Act.

Exercise as to civil matters. -- Federal legislation has been enacted authorizing the

extension to Federal enclaves of the workmen's compensation and unemployment compensation laws of the States within the boundaries of which the enclaves are located. The Federal Government also has provided that State law shall apply in suits arising out of the death or injury of any person by the neglect or wrongful act of another in an enclave. It has granted to the States the right to impose taxes on motor fuels sold on Government reservations, and sales, use, and income taxes on transactions or uses occurring or services performed on such reservations; it has allowed taxation of leasehold interests in Federal property including property located on Federal enclaves; and it has retroceded to the States jurisdiction pertaining to the administration of estates of residents of Veterans Administration facilities. This is the extent of Federal legislation enacted to meet the special problems existing on areas under the exclusive legislative jurisdiction of the United States.

## RULE Of INTERNATIONAL LAW

Extended by courts to provide civil law. -- The vacuum which would exist because of the absence of State law or Federal legislation with respect to civil matters in areas under Federal exclusive legislative jurisdiction has been partially filled by the courts, through extension to these areas of a *Rule of International Law* that when one sovereign takes over territory of another the laws of the original sovereign in effect at the time of the taking which are not inconsistent with the laws or policies of the second continue in effect, as laws of the succeeding sovereign, until changed by that sovereign.

## ACQUISITION OF LEGISLATIVE JURISDICTION
### THREE METHODS FOR FEDERAL ACQUISITION OF JURISDICTION

Constitutional Consent. -- The Constitution gives express recognition to but one means of Federal acquisition of legislative jurisdiction -- by State consent under Article I, Section 8, Clause 17. The debates in the Constitutional Convention and State ratifying conventions leave little doubt that both the opponents and proponents of Federal exercise of exclusive legislative jurisdiction over the seat of government were of the view that a constitutional provision such as Clause 17 was essential if the Federal Government was to have such jurisdiction. At no time was it suggested that such a provision was unessential to secure exclusive Legislative jurisdiction to the Federal Government over the seat of government. While, as has been indicated in the preceding chapter, little attention was given in the course of the debates to Federal exercise of exclusive legislative jurisdiction over areas other than the seat of government, it is reasonable to assume that it was the general view that a special constitutional provision was essential to enable the United States to acquire exclusive legislative jurisdiction over any area. Hence, the proponents of exclusive legislative jurisdiction over the seat of government and over federally owned areas within the States defended the inclusion in the Constitution of a provision such as Article I, Section 8, clause 17. And in United States v. Railroad Bridge Co., 27 Fed. Cas. 686, 693, No. 16,114 (C. C. N. D. Ill., 1855), Justice McLean suggested that the Constitution provided the sole mode for transfer of jurisdiction, and that if this mode is not pursued no transfer of jurisdiction can take place.

State cession. -- However, in Fort Leavenworth *R.R. v. Lowe*, 114 U. S. 525 (1885), the United States Supreme Court sustained the validity of an act of Kansas ceding to the

United States legislative jurisdiction over the Fort Leavenworth military reservation, but reserving to itself the right to serve criminal and civil process in the reservation and the right to tax railroad, bridge, and other corporations, and their franchises and property on the reservation. In the course of its opinion sustaining the cession of legislative jurisdiction, the Supreme Court said (p. 540):

> We are here met with the objection that the Legislature of a State has no power to cede away her jurisdiction and legislative power over any portion of her territory, except as such cession follows under the Constitution from her consent to a purchase by the United States for some one of the purposes mentioned. If this were so, it could not aid the railroad company; the jurisdiction of the State would then remain as it previously existed. But aside from this consideration, it is undoubtedly true that the State, whether represented by her Legislature, or through a convention specially called for that purpose, is in competent to cede her political jurisdiction and legislative authority over any part of her territory to a foreign country, without the concurrence of the general government. The jurisdiction of the United States extends over all the territory within the States, and, therefore, their authority must be obtained, as well as that of the State within which the territory is situated, before any cession of sovereignty or political jurisdiction can be made to a foreign country. * * * In their relation to the general government, the States of the Union stand in a very different position from that which they hold to foreign governments. Though the jurisdiction and authority of the general government are essentially different from those of the State, they are not those of a different country; and the two, the State and general government, may deal with each other in any way they may deem best to carry out the purposes of the Constitution. It is for the protection and interests of the States, their people and property, as well as for the protection and interests of the people generally of the United States, that forts, arsenals, and other buildings for public uses are constructed within the States. As instrumentalities for the execution of the powers of the general government, they are, as already said, exempt from such control of the States as would defect or impair their use for those purposes; and if, to their more effective use, a cession of legislative authority and political jurisdiction by the State would be desirable, we do not perceive any objection to its grant by the Legislature of the State. Such cession is really as much for the benefit of the State as it is for the benefit of the United States.

Had the doctrine thus announced in Fort Leavenworth _R. R. v. Lowe_, supra, been known at the time of the Constitutional Convention, it is not improbable that Article I, Section 8, Clause 17, at least insofar as it applies to areas other than the seat of government, would not have been adopted. Cession as a method for transfer of jurisdiction by a State to the United States is now well established, and quite possibly has been the method of transfer in the majority of instances in which the Federal .......

Federal Reservation. -- In Fort Leavenworth _R. R. v. Lowe_, supra, the Supreme Court approved a second method not specified in the Constitution of securing legislative jurisdiction in the United States. Although the matter was not in issue in the case, the Supreme Court said (p. 526):

The land constituting the Reservation was part of the territory acquired in 1803 by cession from France, and, until the formation of the State of Kansas, and her admission into the Union, the United States possessed the rights of a proprietor, and had political dominion and sovereignty over it. For many years before that admission it had been reserved from sale by the proper authorities of the United States for military purposes, and occupied by them as a military post. The jurisdiction of the United States over it during this time was necessarily paramount. But in 1861 Kansas was admitted into the Union upon an equal footing with the original States, that is, with the same rights of political dominion and sovereignty, subject like them only to the Constitution of the United States. Congress might undoubtedly, upon such admission, have stipulated for retention of the political authority, dominion and legislative power of the United States over the Reservation, so long as it should be used for military purposes by the government; that is, it could have excepted the place from the jurisdiction of Kansas, as one needed for the uses of the general government. But from some cause, inadvertence perhaps, or over-confidence that a recession of such jurisdiction could be had whenever desired, no such stipulation or exception was made.

Almost the same language was used by the Supreme Court of Kansas in *Clay v. State*, 4 Kan. 49 (1866), and another suggestion - of judicial recognition of this doctrine is to be found in an earlier case in the Supreme Court of the United States, *Langford v. Montieth*, 102 U. S. 145 ( 1880), in which it was held that when an act of Congress admitting a State into the Union provides, in accordance with a treaty, that the lands of an Indian tribe shall not be a part of such State or Territory, the new State government has no jurisdiction over them. "The enabling acts governing the admission of several of the States provided that exclusive jurisdiction over certain areas was to be reserved to the United States" in view of these developments, an earlier opinion of the United States Attorney General indicating that a State legislature, as distinguished from a State constitutional convention, had to give the consent to transfer jurisdiction specified in the Federal Constitution (12 Ops. A. G. 428 (1868)), would seem inapplicable to a Federal reservation of jurisdiction.

Since Congress has the power to create States out of Territories and to prescribe the boundaries of the new States, the retention of exclusive legislative jurisdiction over a federally owned area within the State at the time the State is admitted into the Union would not appear to pose any serious constitutional difficulties.

No Federal Legislative Jurisdiction without consent, cession, or reservation. -- It scarcely needs to be said that unless there has been a transfer of jurisdiction (1) pursuant to Clause 17 by a Federal acquisition of land with State consent, or (2) by cession from the State to the Federal Government, or unless the Federal Government has reserved jurisdiction upon the admission of the State, the Federal Government possesses no legislative jurisdiction over any area within a State, such jurisdiction being for exercise entirely by the State, subject to non-interference by the State with Federal functions, and subject to the free exercise by the Federal Government of rights with respect to the use, protection, and disposition of its property.

# NECESSITY OF STATE ASSENT TO TRANSFER OF JURISDICTION TO FEDERAL GOVERNMENT

Constitutional Consent --The Federal Government cannot, by unilateral action on its part, acquire legislative jurisdiction over any areas within the exterior boundaries of a State Article I, Section 8, Clause 17, of the Constitution, provides that legislative jurisdiction may be transferred pursuant to its terms only with the consent of the legislature of the State in which is located the area subject to the jurisdictional transfer. As was indicated in Chapter II, the consent requirement of Article I, Section 8, Clause 17, was intended by the framers of the Constitution to preserve the States Jurisdictional integrity against Federal encroachment.

State cession or Federal reservation. -- The transfer of legislative Jurisdiction pursuant to either of the two means not spelled out in the Constitution likewise requires the assent of the State in which is located the area subject to the jurisdictional transfer. Where legislative jurisdiction is transferred pursuant to a State cession statute, the State has quite clearly assented to the transfer of legislative jurisdiction to the Federal Government, since the enactment of a State cession statute is a voluntary act on the part of the legislature of the State.

The second method not spelled out in the Constitution of vesting legislative juris-diction in the Federal Government, namely, the reservation of legislative jurisdiction by the Federal Government at the time statehood is granted to a Territory, does not involve a transfer of legislative jurisdiction to the Federal Government by a State, since the latter never had jurisdiction over the area with respect to which legislative jurisdiction is reserved. While, under the second method of vesting legislative jurisdiction in the Federal Government, the latter may reserve such jurisdiction without inquiring as to the wishes or desires of the people of the Territory to which statehood has been granted, nevertheless, the people of the Territory involved have approved, in at least a technical sense, such reservation. Thus, the reservation of legislative jurisdiction constitutes, in the normal case, one of the terms and conditions for granting statehood, and only if all of the terms and conditions are approved by a majority of the voters of the Territory, or by a majority of the Territorial legislature, is statehood granted.

# NECESSITY OF FEDERAL ASSENT

Express Consent Required by R. S. 355.-- Acquiescence, or acceptance, by the Federal Government, as well as by the State, is essential to the transfer of legislative jurisdiction to the Federal Government. When legislative jurisdiction is reserved by the Federal Government at the time statehood is granted, to a Territory, it is, of course, obvious that the possession of legislative jurisdiction meets with the approval of the Federal Government. When legislative jurisdiction is to be transferred by a State to the Federal Government either pursuant to Article I, Section 8, Clause 17, of the Constitution, or by means of a State cession statute, the necessity of Federal assent to such transfer of legislative jurisdiction has been firmly established by the enactment of the February 1, 1940, amendment to R. S. 355. While this amendment in terms specifies requirement for formal Federal acceptance prior to the transfer of exclusive or partial legislative jurisdiction, it also applies to the transfer of concurrent jurisdiction. The United States Supreme Court, in _Adams v. United States_, 319 U. S. 312 (1943), in the course of its opinion said (pp. 314-315):

Both the Judge Advocate General of the Army and the Solicitor of the Department of Agriculture have construed the 1940 Act as requiring that notice of acceptance be filed if the government is to obtain *concurrent* jurisdiction. The Department of Justice has abandoned the view of jurisdiction which prompted the institution of this proceeding, and now advises us of its view that concurrent jurisdiction can be acquired only by the formal acceptance prescribed in the Act. These agencies cooperated in developing the Act, and their views are entitled to great weight in its interpretation. * * * Besides, we can think of no other rational meaning for the phrase "jurisdiction, exclusive or partial," than that which the administrative construction gives it. Since the govern merit had not accepted jurisdiction in the manner required by the Act, the federal court had no jurisdiction of this proceeding. In this view it is immaterial that Louisiana statutes authorized the government to take jurisdiction, since at the critical time the jurisdiction had not been taken.

Former Presumption of Federal acquiescence in absence of dissent. -- Even before the enactment of the 1940 amendment to R. S. 355, it was clear that a State could not transfer, either pursuant to Article I, Section 8, Clause 17, of the Constitution, or by means of a cession statute, legislative jurisdiction to the Federal Government without the latter's consent. Prior to the 1940 amendment to R. S. 355, However, it was not essential that the consent of the Federal *Government* be expressed formally or in accordance with, any prescribed procedure. Instead, it was presumed that the Federal Government accepted the benefits of a State enactment providing for the transfer of legislative jurisdiction. As discussed more fully below, this presumption of acceptance was to the effect that once a State legislatively indicated a willingness to transfer exclusive jurisdiction such jurisdiction passed automatically to the Federal 'Government without any action having to be taken by the United States. However, the presumption would not operate where Federal action was taken demonstrating dissent from the acceptance of proffered jurisdiction.

Presumption in transfers by cession. -- In Fort Leavenworth *R. R. R. v. Lowe*, supra, in which a transfer of legislative jurisdiction by means of a State cession statute was approved for the first time, the court said (p. 528) that although the Federal Government had not in that case requested a cession of *jurisdic*tion, nevertheless, "as it conferred a benefit, the acceptance of the act is to be presumed in the *absence* of any dissent on their part." See also *United States v. Johnston*, 58 F. Supp. 208, aff'd., 146 F. 2d 268 (C. A. 9, 1944), cert. den., 324 U. S. 876; 38 Ops. A. G. 341 (1935). A similar view has been expressed by a number of courts to transfers of jurisdiction by cession. In some instances, however, the courts have indicated the existence of affirmative grounds supporting Federal acceptance of such transfers. In *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F. 2d 644 (C. A. 9, 1929), cert. den., 280 U. S. 555, it was stated that acceptance by the United States of a cession of jurisdiction by a State over a national park area within the State may be implied from acts of Congress providing for exclusive jurisdiction in national parks. See also *Columbia River Packers, Ass'n v. United States*, 29 F. 2d 91 (C. A. 9, 1928); *United States v. Unzeuta*, 281 U. S. 138 (1930).

Presumption in transfers by constitutional consent.-- Until recent years, it was not clear *but* that the consent granted by a State pursuant to Article I, Section 8, Clause 17, of the Constitution, would under all circumstances serve to transfer legislative jurisdiction to the

Federal Government where the latter had "purchased" the area and was using it for one of the purposes enumerated in Clause 17. In *United States v. Cornell*, 25 Fed. Cas. 646, No 14,867 (C. C. D. R. I., 1819), Justice Story expressed the view that Clause 17 is self-executing, and acceptance by the United States of the "benefits" of a State consent statute was not mentioned as an essential ingredient to the transfer of legislative jurisdiction under Clause 17. In the course of his opinion in that case, Justice Story said (P. 648):

> The constitution of the United States declares that congress shall have power to exercise "exclusive legislation" in all "cases whatsoever" over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings. When therefore a purchase of land for any of these purposes is made by the national government, and the state legislature has given its consent to the purchase, the land so purchased by the very terms of the constitution ipso facto falls within exclusive legislation of congress, and the state jurisdiction is completely ousted. [Italics added.]

As late as 1930, it was stated in *Surplus Trading Co. v. Cook*, 281 U. S. 647, that (p. 652):

> It long has been settled that where lands for such a purpose [one of those mentioned in Clause 17] are purchased by the United States with the consent of the state legislature "the jurisdiction theretofore residing in the State passes," in virtue of the constitution provision, "to the United States," thereby making the jurisdiction of the latter the sole jurisdiction. [Italics added.]

The italicized portions of the quoted excerpts suggest that Article I, Section 8, Clause 17, of the Constitution, may be selfexecuting where the conditions specified in that clause for the, transfer of jurisdiction have been satisfied.

In *Mason Co. v. Tax Comm'n*, 302 U. S. 186 (1937), however, the Supreme Court clearly extended the acceptance doctrine, first applied to transfers of legislative jurisdiction by State cession statutes in Fort Leavenworth *R. R. v. Lowe*, supra, to transfers pursuant to Article I, Section 8, Clause 17, of the Constitution. The court said (p. 207):

> Even if it were assumed that the state statute should be construed to apply to the federal acquisitions here involved, we should still be met by the contention of the Government that it was not compelled to accept, and has not accepted, a transfer of exclusive jurisdiction. As such a transfer rests upon a grant by the State, through consent or cession, it follows, in accordance with familiar principles applicable to grants, that the grant may be accepted or declined. Acceptance may be presumed in the absence of evidence of a contrary intent, but we know of no constitutional principle which compels acceptance by the United States of an exclusive jurisdiction contrary to its own conception of its interests. * * *

What constitutes dissent. — Only in a few instances have the courts indicated what may constitute a "dissent" (*See Fort Leavenworth R. R. v. Lowe*, supra) by the Federal Government from a State's proffer of legislative jurisdiction. In *Mason Co. v. Tax Comm'n*,

///// - 16 Judicial Notice - Rule 201(d) - N

*supra*, the court concluded that a validation by Congress of contracts entered into by Federal administrative officials granting to State, officials certain authority with respect to schools, police protection, etc., reflected a Congressional intent not to accept the legislative jurisdiction offered to the Federal Government by the State by the latter's enactment of a consent statute. In a State case (*International Business Machines Corporation v. Ott*, 230 La. 666, 89 So. 2d 193 (1956)), use by the Federal installation of similar State services, with no indication of Congressional knowledge in the latter, was held to have negative Federal acceptance of jurisdiction proffered under a general consent and cession statute of the State. It may be noted that extension of this decision would put in doubt the status of many, if not most, Federal areas now considered to be under the legislative jurisdiction of the United States. In *Atkinson v. State Tax Commission*, 303 U. S. 20 (1933), the court indicated that the enforcement of the Oregon workmen's compensation law in the Federal area was incompatible with exclusive Federal legislative jurisdiction, and, since the Federal Government did not seek to prevent the enforcement of this law, the presumption of Federal acceptance of legislative jurisdiction was effectively rebutted.

## CRIMINAL JURISDICTION

*Right of Defining and Punishing For Crimes:* Exclusive Federal Jurisdiction. -- Areas over which the Federal Government has acquired exclusive legislative jurisdiction are subject to the exclusive criminal jurisdiction of the United States. *Bowen v. Johnston*, 306 U. S. 19 (1939); *United States v. Watkins*, 22 F. 2d 437 (N. D. Cal., 1927). That the States can neither define nor punish for crimes in such areas is made clear in the case of In re Ladd, 74 Fed. 31 (C. C. N. D. Neb., 1896), (p. 40):

> * * * The cession of jurisdiction over a given territory takes the latter from within, and places it without, the jurisdiction of the ceding sovereignty. After a state has parted with its political jurisdiction over a given tract of land, it cannot be said that acts done thereon are against the peace and dignity of the state, or are violations of its laws; and the state certainly cannot claim jurisdiction criminally by reason of acts done at places beyond, or not within, its territorial jurisdiction, unless by treaty or statute it may have retained jurisdiction over its own citizens, and even then the jurisdiction is only over the person as a citizen. * * *

The criminal jurisdiction of the Federalize Government extends to private lands over which legislative jurisdiction has been vested in the Government, as well as to federally owned lands. *United States v. Unzeuta*, supra; see also *Petersen v. United States*, 191 F. 2d 154 (C. A. 9, 1951), cert. denied 342 U. S. 885. Indeed, the Federal Government's power derived from exclusive legislative jurisdiction over an area may extend beyond the boundaries of the area, as may be necessary to make exercise of the Government's jurisdiction effective; thus, the Federal Government may punish a person not in the exclusive jurisdiction area for concealment of his knowledge concerning the commission of a felony within the area. *Cohens v. Virginia*, 6 Wheat. 264, 426-429 (1821).    In   *Hollister   v. United States*, 145 Fed. 773 (C. A. 8, 1906), the court said (p. 777):

Instances of relinquishment and acceptance of criminal jurisdiction by state

Legislatures *and* the national Congress, respectively, over forts, arsenals, public buildings, and other property of the United States situated within the states, are common, and their legality has never, so far as we know, been questioned.

On the other hand, while the Federal Government has power under various provisions of the Constitution to define, and prohibit as criminal, certain acts or omissions occurring anywhere in the United States, it has no power to punish for various other crimes, jurisdiction over which is retained by the States under our Federal-State system of government, unless such crimes occur on areas as to which legislative *jurisdiction* has been vested in the Federal Government. The absence of jurisdiction in a State, or in the Federal Government, over a criminal act occurring in an area as to which only the other of these governments has legislative jurisdiction is demonstrated by the case of <u>United States v. Tully</u>, 140 Fed. 899 (C. C. D. Mont., 1905). Tully had been convicted by a State court in Montana of first degree murder, and sentenced to be hanged. The Supreme Court of the State reversed the conviction on the ground that the homicide had occurred on a military reservation over which exclusive jurisdiction was vested in the Federal Government. The defendant was promptly indicted in the Federal court, but went free as the result of a finding that the Federal Government did not, have legislative jurisdiction over the particular land on which the homicide had occurred. The Federal court said (id. p. 905):

> It is unfortunate that a murderer should go unwhipped of justice, but it would be yet more unfortunate if any court should assume to try one charged with a crime without jurisdiction over the offense. In this case, in the light of the verdict of the jury in the state court, we may assure that justice would be done the defendant were he tried and convicted by any court and executed pursuant to its judgment. But in this court it would be the justice of the vigilance committee wholly without the pale of the law. The fact that the defendant is to be discharged may furnish a text for the thoughtless or uninformed to say that a murderer has been turned loose upon a technicality; but this is not a technicality. It goes to the very right to sit in judgment. * * · These sentiments no doubt appealed with equal force to the Supreme Court of Montana, and it is to its credit that it refused to lend its aid to the execution of one for the commission of an act which, in its judgment, was not cognizable under the laws of its state; but I cannot bring myself to the conclusion reached by that able court, and it is upon the judgment and conscience of this court that the matter of jurisdiction here must be decided.

The United States and each State are in many respects separate sovereigns, and ordinarily one cannot enforce the laws of the other.

State and local police have no authority to enter an exclusive Federal area to make investigations, or arrests, for crimes committed within such areas since Federal, not State, offenses are involved. Only Federal law enforcement officials, such as representatives of the Federal Bureau of Investigation and United States marshals and their deputies, would be authorized to investigate such of offenses and make arrests in connection with them. The policing of Federal exclusive jurisdiction areas must be accomplished by Federal personnel, and an offer of a municipality to police a portion of a road on such an area could not be accepted by the Federal official in charge of the area, as police protection by a municipality

to such an area would be inconsistent with Federal exclusive jurisdiction.

Concurrent Federal and State criminal jurisdiction.--There are, of course, Federal areas as to which a State, in ceding legislative jurisdiction to the United States, has reserved some measure of jurisdiction, including criminal jurisdiction, concurrently to itself. In general, where a *crime* has been committed in an area over which the United States and a State have concurrent criminal jurisdiction, both governments may try the accused without violating the double jeopardy clause of the Fifth Amendment. *Grafton v. United States*, 206 U. S. 333 (1907), held that the same acts constituting a crime cannot, after a defendant's acquittal or conviction in a court of competent jurisdiction of the Federal Government, be made the basis of a second trial of the defendant for that crime in the same or in another court, civil or military, of the same government. However, where the same act is a crime under both State and Federal law, the defendant may be punished under each of them. *Hebert v. Louisiana*, 272 U. S. 377 (1922). (p.382):

> It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. The Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the Federal Government, *Barron v. Baltimore*, 7 Pet. 243, and the double jeopardy therein forbidden is a second prosecution under authority of the Federal Government after a first trial for the same offense under the same authority., ,

It is well settled, of course, that where two tribunals have concurrent jurisdiction that which first takes cognizance of a matter has the right, in general, to retain it to a conclusion, to the exclusion of the other. The rule seems well stated in *Mail v. Maxwell*, 107 Ill. 554 (1883), (p. 561):

> Where one court has acquired jurisdiction, no other court, State or Federal, will, in the absence of supervising or appellate jurisdiction, interfere, unless in pursuance of some statute, State or Federal, providing for such interference.

Other courts have held similarly. There appears to be some doubt concerning the status of a court-martial as a court, within the meaning of the Judicial Code, however.

Law *enforcement* on areas of exclusive or concurrent jurisdiction. -- The General Services Administration is authorized by statute to appoint its uniformed guards as special policemen, with the same powers as sheriffs and constables to enforce Federal laws enacted for the protection of persons and property, and to prevent breaches of the peace, to suppress affrays or unlawful assemblies, and to enforce rules made by the General Services Administration for properties under its jurisdiction; but the policing powers of such special policemen are restricted to Federal property over which the United States has acquired exclusive or concurrent jurisdiction. Upon the application of the head of any Federal department or agency having property of the United States under its administration or control and over which the United States has exclusive or concurrent jurisdiction, the General Services Administration is authorized by statute to detail any such special policeman for the protection of such property and, if it is deemed desirable, to extend to such property the applicability of regulations governing property promulgated by the General Services

Administration. The General Services Administration is authorized by the same statute to utilize the facilities of existing Federal law-enforcement agencies, and, with the consent of any State or local agency, the facilities and services of such State or local law enforcement agencies.

Although the Department of the Interior required protection for an installation housing important secret work, the General Services Administration was without authority to place uniformed guards on the premises in the absence in the United States of exclusive or concurrent jurisdiction over the property, and notwithstanding the impropriety of permitting the policing of the property by local officials, if they were willing, without necessary security clearances.

Civilian Federal employees may be assigned to guard duty on Federal installations, but there is no Federal statute (other than that appertaining to General Services Administration and three statutes of even less effect 16 U.S.C. 559 (Forest Service), and 16 U.S.C. 10 and 10a (National Park Service) conferring any special authority on such guards. They are not peace officers with the usual powers of arrest; and have no greater powers of arrest than private citizens. As citizens, they may protect their own lives and property and the safety of others, and as agents of the Government they have a special right to protect the property of the Government. For both these purposes they may use reasonable force, 'and for the latter purpose they may bear arms irrespective of State law against bearing arms. Such guards, unless appointed as deputy sheriffs (where the State has at least concurrent criminal jurisdiction), or deputy marshals (where the United States has at least concurrent criminal jurisdiction), have no more authority than other private individuals so far as making arrests is concerned.

State and local officers may, by special Federal statute, preserve the peace and make arrests for crimes under the laws of States, upon immigrant stations, and the jurisdiction of such officers and of State and local courts has been extended to such stations for the purposes of the statute.

Partial jurisdiction. -- In some instances States in granting to the Federal Government a measure of exclusive legislative jurisdiction over an area have reserved the right to exercise, only by themselves, or concurrently by themselves as well as by the Federal Government, criminal jurisdiction over the area. In instances of complete State retention of criminal jurisdiction. whether with respect to all matters or with respect to a specified category of matters, the rights of the States, of the United States, and of any defendants, with respect to crimes as to which State jurisdiction is so retained are as indicated in this chapter for areas as to which the Federal Government has no criminal jurisdiction. In instances of concurrent State and Federal criminal jurisdiction with respect to any matters the rights of all parties are, of course, determined with respect to such matters according to the rules of law generally applicable in areas of concurrent jurisdiction. Accordingly, there is no body of law specially applicable to criminal activities in areas under the partial legislative jurisdiction of the United States.

State criminal jurisdiction retained. -- State criminal jurisdiction extends into areas owned or occupied by the Federal Government, but as to which the Government has not acquired exclusive legislative jurisdiction with respect to crimes. And as to many areas owned by the Federal Government for its various purposes it has not acquired legislative jurisdiction. The Forest Service of the Department of Agriculture, for example, in accordance with a provision of Federal law (16 U. S. C. 480), has not accepted the jurisdiction proffered

by the statutes of many States, and the vast majority of Federal forest lands are held by the Federal Government in a proprietorial status only.

The Federal Government may not prosecute for ordinary crimes committed in such areas. Federal civilians who may be appointed as guards in the areas do not have police powers, but possess only the powers of arrest normally had by any citizen unless they receive appointments as State or local police officers.

The foregoing present several questions concerning the purported jurisdiction of the Court in the above styled action. Some of which are:

1.     Did the federal government ever obtain jurisdiction over the geographical areas described in the governments charging instruments as being the Locus in Quo whereon the purportedly prohibited acts of the undersigned took place ?

      a.     If so, when?

      b.     If so, to what extent?

2.     Are the governments charging instruments defective on their face where they fail to establish on their face or at any subsequent juncture therein, that the locus in quo was within the legislative, territorial or admiralty jurisdiction of the federal United States?

      a.     Was the Grand Jury informed that the locus in quo, as described by the government, not within the legislative, territorial or admiralty jurisdiction of the United States?

      b.     Did the United States district court commit reversible error where it failed to render a legal determination on the record as to whether or not the Court had jurisdiction to entertain the cause.

3.     Did the federal government establish on the record that it had Subject Matter jurisdiction over the alleged prohibited act(s), where the government failed to charge the undersigned with an alleged violation of the federal "Interstate Commerce" clause?

      a.     Did the federal government inform the Grand Jury that the sine qua non to the legitimate application of the enumerated subsections of the Controlled Substances Act is Commerce?

      b.     Did the United States district court error where it failed to notice the missing element in the charged offense, and failed to render a legal determination as to the obvious defect?

JUDICIAL NOTICE

FACTS AND FINDINGS OF LAW

FACT AND FINDING:

Fact, a thing done; an action performed or an incident trans-
piring, an event or circumstance; an actual occurance.

(SPECIAL) FINDING:

Is a specific setting forth of the ultimate facts established
by the evidence and which are determinative of the judgment which
must be given.  It is only a determination of the ultimate facts
on which the law must be determined.  A special finding may also
be said to be one limited to the fact issue submitted.

ULTIMATE FACTS:

One that is essential to the right of action or matter of
defense, and the trial court is under the duty of submitting only
ultimate or controlling issues.

1.    Title 42 U.S.C.A. 1986 "Action for neglect to prevent,"
Every person who having knowledge that any of the wrongs conspired
to be done, and mentioned in Section 42 U.S.C. 1985 of this title,
are about to be committed, and having power to prevent or aid in
preventing the commission of the same, neglects or refuses to do
so, if such wrongful act be committed, shall be liable to the party
injured, or persons legal representatives, for all damages caused
by such wrongful act, which such person by reasonable diligence
could have prevented; and such damages may be recovered in an action
on case; and any number or persons guilty of such wrongful neglect
or refusal may be joined as defendants in action. (42 U.S.C.S. 1986
is a derivative of 1985 and provides remedy for persons injured by
neglect or refusal of those having power to do so to prevent wrongs
specified in 1985.)

/ / / / /    22  Judicial Notice Rule 201(d)

2.    Title 28 U.S.C.A. Section 453: Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I,__do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as__, under the Constitution and laws of the United States so help me God." (Note: It does not say "United States of America").

3.    7th Amendment:  In suits of common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved, and no fact tried except by jury.

4.    Title 18 U.S.C.A. Sect. 1621 "Perjury" Whoever

(1)  having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2)  in any declaration, certificate, verification, or statement under penalty of perjury as permitted under Section 1746 of Title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except otherwise expressly by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.  See: 18 U.S.C. 1622, 18 U.S.C. 1623, and 18 U.S.C. 1001

5.    "perjury of Oath of Office": Perjury; Inforjudgemental law, the willful assertion as to a matter of fact, opinion, belief

or knowledge, made by a witness in a judicial proceeding as part of his or her evidence, either upon oath or in any form allowed by law to be substituted for an oath or in any form allowed by law whether such evidence is given in open court, or in affidavit, such assertion being material to the issue or point of inquiry and known to such witness to be false. Perjury is a crime committed when a lawful oath is administered, in some judicial proceeding, to a person who swears willfully, and falsely, in matters material to the issue or point in question. (Reference **Gatewood v. State**, 15 MD. App. 314, 290 A.2d 551, 553; F.R.C.P. Rule 9(b), 12(d)(1), (2),(7); Title 42 U.S.C. 1986, 1985, 1983 Note 349, 14th Amendment U.S. Constitution.

6. **F.R.C.P. Rule 56(e):** Form of Affidavits; Further Testimony; Defence Required; Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissable in evidence, and shall show affirmatively that the Affiant is competent to testify to the matters stated herein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

7.    Stare Decisis: Policy of Courts to stand by precedent and not to disturb settled point. **Neff v. George**, 364 Ill. 306, 4 N.E. 2d 388, 390, 391. Doctrine that, when a court has once laid down a principal of law as applicable to a certain state of facts; regardless of whether parties and property are the same. **Horne v. Moody Tex Civ.**, App., 146 S.W. 2d 505, 509, 510.    Under doctrine a deliberate or solemn decision of court made after argument on question of law fairly arising in the case, and necessary to its determination, **is an authority or binding precedent in the same court** or in other courts of equal or lower rank in subsequent cases where the very point is again in controversy. **State v. Mellenberger**, 163 Or.233, 95 P2d. 709, 719, 720.    Blacks Law Dictionary 5th Edition pg. 1261.    (Further refference: Defendants knowledge of wrongful acts is statutory prerequisite to suit under 42 U.S.C. 1986. **Buck v. Board of Elections**, (1976, CA;2, NY) 536 F2d 522.    Prior, unreviewed state administrative adjudication may have no preclusive effect on claims subsequently asserted under 42 U.S.C.S. 1981, 1983, 1985, 1986, 1988.    **Elliot v. University of Tennessee**, (1985, CA6 Tenn) 766 F2d 982, 38 BNA FEP Cas 522, 37 CCH EPD 25419, cert gr 474 U.S. 788, 92 L Ed. 2d 635, 106 S. Ct. 3220, 41 BNA FEP Cas 177, 40 CCH EPD 36205.).

8.    F.R.C.P. 12(b)(6): Rule 12 is Defenses; Rule 12(b) states with particularity, " How Presented.    Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the opinion of the pleader be made Section 8; 12(b)(6): failure to state a claim upon which relief can be granted.    (Refer Note 7.)

///// - 25 Judicial Notice Rule 201(d)

9.    F.R.C.P. 12(b)(2): Rule 12 is Defenses; Rule 12(b) states with particularity, " How Presented. Every defense in law or fact, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made  by motion: 12(b)(2): lack of jurisdiction over the person. (Refer F.R.C.P. 12(b)(7): Failure to join  a party under Rule 19.) (F.R. IZP. Rule 19(b).

10.    F.R.C.P. 12(b)(1): Rule 12 is Defenses; Rule 12(b) states with particularity, "How Presented. Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 12 (b)(1): lack of jurisdiction over the subject matter. (Refer Note 7.)

11.    F.R.C.P. 12(b)(7): Rule 12 is Defenses; Rule 12(b) states with particularity.  "How Presented. Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 12(b)(7): Failure to join a party under Rule 19. (See Joining F.R.C.P. Rule 19 (3)0.

12.    14th Amendment: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S., nor shall any state deprive any person of life, liberty, or property without due process of the law; nor to any person the equal protection of the law.

13.    Title 18 U.S.C.A. Section 872: Extortion by officers

///// - 26 Judicial Notice Rule 201(d).

or employees of the United States Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than 3 years, or both; but if the ammount so extorted or demanded does not exceed $100, he shall be fined under this title or imprisoned not more than one year. (As amended Oct. 31,1951, c. 655 subsect. 24(3), 65 stat. 720; Sept. 13, 1994, Pub. L 103-322, Title XXXIII, Subsect. 3 30016(I)(G)(K), 108 Stat. 2147).

14.    1st Amendment: Freedom of speech and press, and to petition for a redress of grievances.  5th Amendment: No person shall be deprived of life, liberty, or property without due process of law.  6th Amendment: Right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, and informed of the nature and cause of the accusation.  7th Amendment: In suits of common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved, and no fact tried except by jury.

15.    Title 18 U.S.C.A. Section 242: provides in pertinent part; "Whoever, under color of law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any state, territory, or district to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States...shall be fined not more than $1000 dollars or imprisoned not more than one year, or both." Question was not whether state law had been violated but whether inhabitant of state had been deprived of federal right by one who acted under color of any law. Screws v. United States, (1945) 325 U.S. 91, 89 L Ed 1495,65 S. Ct 1031, 162 ALR 1330. ///// = 27  Judicial Notice Rule 201(d).    N

16.    Title 42 U.S.C.A. Section 1985: (2) Ref. Obstructing justice: intimidating party, witness, (2) if two or more persons in any state or territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from "attending such court or from testifying to any matter pending" therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attend-ed or testified, or to influence the verdict, presentment, or indict-ment of any grand or petit jury or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been seen such juror: or if two or more persons con-spire for the purpose of impeding, hindering, obstructing, or defeat-ing, in any matter, the due course of justice in any state or territ-ory, with intent to deny to any citizen the equal protecetion of the law or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the law.

Discrimination: A failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored. Ref. **Baker v. Cal. Land Title Co.**, D.C. Cal. 349, F. Supp. 23, 238 239. Title VII of the 1964 Civil Rights Act.

17.    Title 18 U.S.C.A. 241; "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States or because of his having so exercised the same;" or

"If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured,"

///// - 28 Judicial Notice Rule 201(d) - N

"They shall be fined not more than $10,000 or imprisoned more than ten years, or both."

18.    Title 42 U.S.C.A. Section 1983; Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

19.    4th Amendment: Unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause and supported by "oath or affirmation," and particularly describing the place to be searched and the person or thing to be seized.

20.    Although city is not "person" amenable to action under 42 U.S.C.S. 1986, city officials acting in their official capacities are subject to action under this. **Black Bros. Combined Inc. v. Richmond**, (1974, ED Va) 386 F. SUPP 147, 12 BNA FEP Cas 432, 10 CCH EPD 10267. If city or orther municipal corporation had policy or custom of refusing or neglecting to prevent violations of 42 U.S.C.S. 1985, and city's agents, servants, and employees followed that policy or custom, then city should be held liable under 42 U.S.C.S. 1986. **Vasquez v. Reno**, (1978, DC Nev) 461 F. SUPP. 1098, 21 BNA FEP Cas 1281, 19CCH EPD 9091. Municipality is directly liable under 42 U.S.C.S. 1985(2), 1985(3), and 1986 only where it is shown that deprivation of rights was pursuant to <u>policy statement, ordinance,</u> <u>regulation, a decision of an official</u> adopted and promulgated, or <u>or custom, usage</u> **Bell v. Milwaukee**, (1982, ED Wis) 536 F. Supp. 462,

///// 29 - Judicial Notice, Rule 201(d)

affd in part and revd in part on other grounds (CA7 Wis) 746 F2d 1205,
16 Fed Rules Evid Serv 279. (Further reference; 41 ALR 3d 700 Personal
liability of policeman, sheriff, or similar peace officer or his bond for injury
suffered as a result of failure to enforce law or arrest lawbreaker.)

21.    Color of Law: The appearance or semblance without the
Substance, of legal right.  **State v. Brechler**, 185 Wis. 599, 202
N.W. 144, 148 (refer Blacks Law Dictionary 4th Edition, page 331.)

22.    Ratification: In a broad sense, the confirmation of a
previous act done either by the party himself or another; confirm-
ation of a voidable act., **Story**, ag. subsection 250, 251; 2 Kent,
Comm. 237; **Norton v. Shelby County**, 6 S. Ct. 1121, 118 U.S. 435,
30 L.Ed. 178; **Gallup v. Fox**, 30 A. 756, 64 Conn. 491.  In the law
of principal and agent, the adoption and confirmation by one person
with knowledge of all material fact, of an act or contract performed
or entered into in his behalf by another who at the time assumed
without authority to act as his agent.  **Maryland Casualty Co. v.
First State Bank of Delaware**, 101 Okl. 71, 223 P. 701, 705. (Refer
Blacks Law Dictionary 4th Edition, page 1428.)

23.    Stipulation: A material article in agreement. (Refer Blacks
Law Dictionary 4th Edition, page 1586.)

24.    F.R.C.P. Rule 11: Signing of Pleadings, and Other Papers;
Representations to Court; Sanctions. 11(b): By presenting to the
court (whether by signing, filing, submitting, or later advocating)
a Pleading, written Motion, or other paper, an attorney or unrepresent-
ed party is certifying that to the best of the Persons knowledge,
information and belief, formed after an inquiry reasonable under
the circumstances:  11(b)(2): the claims, defenses and other legal
contentions therein are warranted by existing law or by a nonfrivilous

///// - 30 Judicial Notice - Rule 201(d) - N

argument for the extension, modification, or reversal of existing law or the establishment of new law.

25.   Fiduciary: A person having a duty, created by an under-taking, to act primarily for another benefit in matters connected with such undertaking. (Refer Blacks Law Dictionary 5th Edition pg. 563.)

Malice in law is not necessarily personal hate or ill will, but is the state of mind which is reckless of the law and of the legal right of the citizen. (Refer **Chrisman v. Terminal R. Ass'n. of St. Louis**, 237 Mo. APP. 181 157 S.W. 2d 230,235.)

26.   Fraud: An intentional perversion of Truth, for the purpose of inducing another in reliance upon it in part with some valuable thing belonging to him or to surrender a legal right: a false rep-resentation of a matter of fact, whether by words or by conduct, by false or misleading allegations or by concealment of that which should have been disclosed, which decieves and is intended to decieve another so that he shall act upon it to his legal injury. **Brainerd Dispatch Newspaper Co. v. Crow Wing County**, 196 Minn. 194, 264 N.W. 779,780. Any kind of artifice employed by one person to decieve another. **Goldstein v. Eqitable Life Assur. Soc. of U.S.**, 160 Misc. 364, 289 N.Y.S. 1064,1067. A generic term, embracing all multi-farious means which human ingenuity can devise, and which are re-sorted to by one individual to get advantage over another by false suggestions or by suppression of truth and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. **Johnson v. McDonald**, 170 Okl. 117, 39 P2.d 150. "Bad Faith" and "Fraud" are synonymous and also synonymous of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. **Joiner v. Joiner**, Tex. Civ. App., 87 S.W. 2d 903, 914, 915. (Refer Blacks Law Dictionary 4th Edition pg. 788, 789.)

Note:

Because everyone is deemed to know the law, inaccurate represent-
ations regarding legal matters are not generally actionable.  Of
course, were one to make a representation regarding a matter of law
that the misrepresenter himself knew to be inaccurate, a "fraud"
action would lie.  (Refer White v. Mulvania, 575 S.W. 2d 184 (Mo.
1978) (party's "superior" knowledge of the law)[see note 1 fact and
finding sheet] held to be an exception from general rule that a
misrepresentation, synonymous of dishonesty, infidelity, faithless-
ness, perfidy, unfairness, etc.  Joiner v. Joiner, Tex. Civ. App.,
87 S.W. 2d 903, 914,915.  (Refer Blacks Law Dictionary 4th Edition
pg. 788, 789.)

Note;

Because everyone is deemed to know the law, inaccurate represent-
ations regarding legal matters are not generally actionable.  Of
course, were one to make a representation regarding a matter of law
that the misrepresenter himself knew to be inaccurate, a "Fraud"
action would lie.  (Refer White v. Mulvania, 575 S.W. 2d 184 (Mo.
1978) (party's "superior" knowledge of the law (see Note 1 Fact and
Finding Sheet) [held to be an exception from general rule that a
misrepresentation of law is not actionable.]

Whereby, the government's cause against petitioner is premised
upon an unlawful application of Law, viz:

1.    Lack of subject jurisdiction;

2.    Lack of jurisdiction over defendant, a citizen party;

3.    No Fourth Amendment Search Warrant;

4.    Unlawful indictment;

5.    Wrongful application of U.S. Codes;

6.  Lack of Published regulations in the Federal Register;

7.  Failing to give notice under due process and denial of due process;

8.  Usurpation of power not delegated or legislated;

9.  Unauthorized Prosecution under Admiralty/Maritime Law;

10.  And the denial of the effective assistance of counsel.

## CONCLUSION

In the **Nature of Rule 201(d)**, of the Federal Rules of Evidence, the court is **compelled** to take **Judicial Notice** of the foregoing, where it is shown that the legislative jurisdiction of the Federal Government is strictly limited and defined.  The Federal Government has no Constitutional or Congressional authority to restrict or compel the activities of private citizens, domociled without the Legislative, Territorial or Admiralty jurisdiction of the Federal United States.  The jurisdiction of the court is limited by and does not exceed that of the Federal Government.  Where the instant matter is concerned, neither the Federal Government or the District Court have established, on the record, documented proof that the alleged prohibitive conduct of the undersigned was committed within the jurisdiction of the Federal United States or that such alleged prohibitive conduct violated a provision of the Federal Interstate Commerce Clause.

**WHEREFORE,** the undersigned respectfully prays that the court will take **Judicial Notice** of the foregoing and find as a matter of Law and Fact that the Federal Government lacked both, legislative and subject matter jurisdiction.

Date: 2/11/ ,2007

Respectfully Submitted by,

Courtney Brooks

Courtney Dewayne Brooks/pro-se

///// - 33 Judicial Notice - Rule 201(d) - N

Courtney Dewayne Brooks/23156-009
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **COURTNEY DEWAYNE BROOKS,** | CASE No. <u>4:03CR00272-01 GH</u> |
| Petitioner, | RE: CASE No. _____ |
| vs. | |
| **ALBERTO GONZALES, ESQ.,**<br>**ATTORNEY GENERAL FOR THE**<br>**"UNITED STATES,"** | **ADMINISTRATIVE**<br>**AND**<br>**QUASI-JUDICIAL**<br>**NOTICE** |
| **and** | |
| **HARLEY G. LAPPIN, DIR.,**<br>**FEDERAL BUREAU OF PRISONS,** | |
| Respondents. | |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW,** Courtney Dewayne Brooks, the Petitioner, in want of counsel, and submits this Judicial Notice, to apprise the Court of the following, by and through said notice:

1.

Subsection §2255, of **Title 28 of the United States Code,** is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal law. The Congressional Record, Vol. 94-Part 7, (June 15, 1948 to June 19, 1948) pp. 8229-9169, and Vol. 94Part 8, (July 26, 1948 to Dec. 31, 1948) pp. 9353, reveal that Congress was not assembled in session on the date(s) that Title 3, 18, 21, and 28 are purported to have been enacted into law by Congress.

///// - 1 Admin. & Quasi-Judicial Notice via Show Cause Order

2.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary ACT of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico**, (1922). **Mookine v. United States**, (1938). Thus, not authorized to entertain the cause now before the court.

3.

Thus the Court, in similar matters (**Common Law Writ of Habeas Corpus**), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of imprisonment **via** subterfuge and non-compliance with the law (a Malum In Se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

4.

It is the foregoing, and following reasons that the Petitioner has brought his instant cause **under  the common law, Writ of Habeas Corpus,** and invoked the venue and jurisdiction of an Article III, Constitutional Court.

5.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, as a neutral party between both Petitioner and Respondents, upon its own motion

to issue an **ORDER TO SHOW CAUSE** to the respondent why a **Writ of Habeas Corpus** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Date: 2/11 ,2007

Respectfully Submitted by,

*Courtney Brooks*

Courtney Dewayne Brooks/pro-se

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1
Case 4:07-cv-00358-PLF    Document 1-9    Filed 02/16/2007    Page 1 of 20

# UNITED STATES DISTRICT COURT

| EASTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| COURTNEY DEWAYNE BROOKS | |

Case Number:    4:03CR00272-01 GH

USM Number:    23156-009

CHRIS TARVER
Defendant's Attorney

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 9 2004

JAMES W. McCORMACK, CLERK
BY: _____ DEP CLERK

## THE DEFENDANT:

X pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to Distribute and to Possess With Intent to Distribute and to Possess with Intent to Distribute More Than 50 Grams of Cocaine Base, a Class A Felony | 04/08/03 | 1 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

X Count(s)    2-11    is    X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 28, 2004
Date of Imposition of Judgment

_George Howard, Jr._
Signature of Judge

GEORGE HOWARD JR, U. S. DISTRICT JUDGE
Name and Title of Judge

_October 29, 2004_
Date

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

by _R Callan_ D.C.

**Exhibit (a)**

ENTERED ON THE DOCKET IN ACCORDANCE
WITH RULE 55, FRCRP, ON _10/29/04_
BY _RC_

65

**Exhibit (a)**

AO 245B    (Rev. 12/03) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | COURTNEY DEWAYNE BROOKS |
| CASE NUMBER: | 4:03CR00272-01 GH |

Judgment — Page ___2___ of ___6___

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:     **120 months**

X   The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant participate in the boot camp program if it is available.  The court also recommends that the defendant participate in a residential substance abuse treatment program and educational and vocational training programs during incarceration.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____  ☐ a.m.  ☐ p.m.  on _____

   ☐   as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   X   before 2 p.m. on ___December 27, 2004___.

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

** TOTAL PAGE.02 **

# PARALLEL TABLE OF AUTHORITIES AND RULES

The following table lists rulemaking authority (except 5 U.S.C. 301) for regulations codified in the *Code of Federal Regulations*. Also included are statutory citations which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;

For the United States Statutes at Large, by volume and page number;

For public laws, by number; and

For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 1998.

[EXHIBIT B]

EXHIBIT B

16 U.S.C.—Continued

CFR

355, 356, 380
50 Parts 11,
12, 14, 17, 24
1561 et seq .................................50 Part 227
1603 ...........................................36 Part 200
1604 ...........................................36 Part 219
1606 .............................................7 Part 701
1608—1610 ................................23 Part 660
1612 ...........................................36 Part 216
1612 note ..................................36 Part 215
1613 ...........................................36 Part 219
1620 .............................................7 Part 1
1704 ...........................................43 Part 26
1801 et seq ...............................50 Parts 268,
300, 600, 622, 630, 640, 644, 648, 649,
654, 660, 662, 674, 678, 679
1801—1882 ...............................15 Part 904
1851 note ..................................15 Part 504
50 Part 697
1853 ...........................................15 Part 905
50 Part 605
1901 et seq ...............................36 Part 9
1901—1912 ...............................43 Part 3830
1907 ...........................................43 Part 3830
2001—2645 ...............................18 Part 290
2001—2009 .................................7 Part 601
2101 et seq ...............................36 Part 200
2101—2111 .................................7 Part 701
2103b .........................................36 Part 230
2114 ...........................................36 Part 230
2201—2205 .................................7 Part 701
2203—2205 .................................7 Part 601
2203 .............................................7 Part 624
2309 ...........................................16 Part 455
2401 et seq ...............................45 Part 672
40 Part 8
2401—2412 ...............................15 Part 904
45 Part 670
2401 ...........................................45 Part 670
2403 ...........................................40 Part 8
2405 ...........................................45 Part 671
2431 et seq ...............................50 Part 300
2431—2444 ...............................15 Part 904
2501—2514 ...............................36 Part 72
2601—2645 ...............................18 Parts 2—4,
32—35, 37, 41, 45, 46, 101, 116, 131,
141, 154, 281, 286, 290, 292, 375, 381,
382, 385
2901 ...........................................50 Part 83
3101 et seq ...............................36 Parts 9, 13
43 Parts 36,
3000, 3110, 3120, 3150
50 Part 36
3101—3126 ...............................36 Part 242
50 Part 100
3124 ...........................................43 Part 2090
3142 ...........................................50 Part 37
3170 ...........................................36 Part 251
3197 ...........................................36 Part 13
3210 ...........................................36 Part 251
3371 et seq ...............................50 Parts 10—12, 14
3371—3378 ...............................15 Part 904
50 Parts 10, 14, 300
3372 ...........................................25 Part 244
3373 ...........................................7 Parts 1, 300

16 U.S.C.—Continued

CFR

3501 et seq ...............................13 Part 116
3601—3608 ...............................15 Part 904
3631 et seq ...............................50 Part 674
3631—3644 ...............................15 Part 904
3636 ...........................................50 Part 300
3801 et seq .................................7 Part 12, 601
3801 .............................................7 Part 610
3834 .............................................7 Part 1400
3837 et seq .................................7 Part 1467
3837—3837f ...............................7 Part 623
3839aa—3839aa-8 ....................7 Part 1466
3841—3844 .................................7 Part 12
3843 .............................................7 Part 614
3844 .............................................7 Part 1940
3901 et seq ...............................50 Part 25
4101 et seq ...............................50 Part 253
4201—4245 ...............................50 Part 17
4223—4244 ...............................50 Part 14
4301—4309 ...............................36 Part 290
43 Part 37
4601—6a ...................................36 Part 291
4901—4916 ...............................50 Parts 13, 14
5101 et seq ...............................50 Part 697
5501 et seq ...............................50 Part 300

17 U.S.C.

101 .............................................19 Part 133
111 .............................................37 Parts 801, 803
116 .............................................37 Part 254
118 .............................................37 Part 253
119 .............................................37 Part 257, 258
509 .............................................28 Part 9
601—603 ...................................19 Part 133
702 .............................................37 Parts 201—204,
211, 256, 310
801—803 ...................................37 Part 251
801 .............................................37 Parts 252—255, 304
802 .............................................37 Parts 256, 310
803 .............................................37 Parts 252, 253, 255
804 .............................................37 Part 306
908 .............................................37 Part 211
1007 ...........................................37 Part 259

18 U.S.C.

13 ...............................................32 Parts 210, 263, 1290
39 Part 232
42—44 .......................................50 Part 11
42 ...............................................19 Part 12
50 Parts 10, 13, 14, 16
43—44 .......................................50 Part 12
47 ...............................................43 Part 4700
109 .............................................21 Part 41
201—212 ...................................24 Part 0
201—209 ...................................12 Part 511
29 Part 2202
32 Part 1293
201 .............................................19 Part 161
201 note ....................................20 Part 360
202 .............................................14 Part 300
203 .............................................7 Part 1
31 Part 8
205 .............................................7 Part 1
14 Part 300
31 Part 8

**.8 U.S.C.—Continued                CFR**

11 Part 7
12 Parts 400,
933, 2434, 2637
14 Parts 300, 1207
15 Part 0
16 Part 1030
17 Part 140
19 Part 200
22 Parts 18, 223, 525, 710
28 Part 45
29 Part 0
31 Part 15
36 Part 905
39 Part 956
41 Part 105–735
45 Parts 73b, 500
46 Parts 500, 502
49 Part 98
208 .......................................5 Part 2640
10 Part 1010
12 Part 264a
15 Part 0
16 Part 5
18 Part 1301
22 Part 606
29 Parts 0
34 Part 73
45 Part 680
46 Part 500
219 .......................................32 Part 516
223 .......................................28 Part 524
241 note .................................24 Part 573
437 .......................................25 Part 140
474 .......................................31 Parts 402, 405
474A .....................................31 Part 601
492 .......................................31 Parts 101, 402, 403
512 .......................................28 Part 9
545 .......................................19 Parts 145, 161
546 .......................................19 Part 162
550 .......................................19 Part 191
641 .......................................12 Part 4
43 Part 8200
49 Part 801
701 .......................................32 Part 507
50 Part 80
702 .......................................32 Part 507
707 .......................................7 Part 8
711 .......................................36 Part 271
751–752 ................................28 Part 511
751 .......................................28 Part 570
798 .......................................32 Parts 322, 518
799 .......................................14 Parts 1203a, 1214
831–835 ................................49 Parts 392, 396, 398
831–833 ................................49 Part 397
834 .......................................49 Part 178
835 .......................................49 Part 397
847 .......................................27 Parts 55, 178
921–928 ................................27 Part 178
921 .......................................27 Part 72
926 .......................................27 Part 200
951 .......................................28 Part 73
981 .......................................28 Part 9
39 Part 233
982 .......................................28 Part 9
1001 .....................................7 Part 1443
32 Part 525

**18 U.S.C.—Continued            CFR**

1001ff ...................................38 Part 21
1017 .....................................36 Part 701
1114 .....................................28 Part 64
1116 .....................................22 Part 2
1159 .....................................25 Part 309
1261 .....................................27 Part 72
1382 .....................................32 Parts 527, 552, 770
1467 .....................................28 Part 9
1512 .....................................28 Part 551
1693–1699 .............................39 Parts 310, 320
1752 .....................................31 Part 408
1791–1792 .............................28 Part 511
1791 .....................................28 Parts 6, 540
1793 .....................................28 Part 511
1851–1861 .............................43 Part 9260
1851–1858 .............................43 Part 9230
1905–1906 .............................12 Part 4
1905 .....................................19 Part 103
20 Part 402
21 Part 20
45 Part 5
1955 .....................................28 Part 9
1956–1957 .............................39 Part 233
1963 .....................................28 Part 9
2071 .....................................49 Part 801
2152 .....................................32 Part 761
2253 .....................................28 Part 9
2254 .....................................28 Part 9
39 Part 233
2257 .....................................28 Part 75
2332d ...................................31 Parts 500,
515, 535, 550, 560, 575, 596
2341–2346 .............................27 Part 296
2386 .....................................28 Part 10
2510 et seq ............................15 Parts 730,
738, 742, 774
2513 .....................................28 Part 9
3001 note ..............................28 Part 42
3013 .....................................28 Part 545
3050 .....................................28 Part 511
3056 .....................................31 Parts 409, 413
3059 .....................................28 Part 7
3061 .....................................39 Parts 232, 233
3401–3402 .............................32 Part 1290
3401 .....................................28 Part 52
32 Part 516
3496 .....................................22 Part 92
3500 .....................................32 Part 518
3521–3528 .............................28 Part 524
3551 et seq ............................43 Part 9260
3551–3586 .............................36 Part 242
50 Part 100
3559 .....................................10 Part 860
42 Part 72
3565 .....................................28 Parts 527, 571
3568–3569 .............................28 Part 571
3568 .....................................28 Part 523
3569 .....................................28 Part 527
3571 .....................................10 Parts 860, 1048
28 Part 545
42 Part 72
3582 .....................................28 Part 571
3621–3622 .............................28 Parts 500, 501,
505, 511–513, 522–524, 527, 540, 541–
545, 547–552, 570, 571
3621 .....................................28 Part 553

**18 U.S.C.—Continued**     **CFR**

3622 .................................................28 Part 553
3621 .................................................28 Part 553
3624 .................................................28 Parts 500, 501,
    505, 511—513, 522—524, 527, 540, 541—
    545, 547—552, 570, 571
3663 .................................................28 Part 545
4001—4002 .......................................28 Part 26
4001 .................................................28 Parts 500,
    501, 503—505, 511—513, 522—524, 527,
    540—543, 545, 547—553, 570—572
4001 note ........................................28 Part 505
4003 .................................................28 Parts 503, 504
4005 .................................................28 Parts 549, 551
4012 .................................................28 Part 511
4042 .................................................28 Parts 66,
    67, 70, 500, 501, 503—505, 511—513,
    522—524, 527, 540—543, 545, 547—550,
    552, 553, 570—572
4044 .................................................28 Part 504
4045 .................................................28 Part 549
4046 .................................................28 Part 524
4081—4082 .......................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    540—545, 547—550, 552, 553, 570—572
4081 .................................................28 Part 504
4100—4115 .......................................28 Part 527
4126 .................................................28 Parts 301,
    302, 345, 545, 553
4161—4166 .......................................28 Parts 501, 522,
    523, 527, 541, 544, 550, 570, 571
4162—4165 .......................................28 Part 551
4201—4218 .......................................28 Parts 527, 571
4203—4204 .......................................28 Part 2
4203 .................................................13 Part 102
                    28 Part 16
4205 .................................................28 Part 572
4241—4247 .......................................28 Part 549
4251—4255 .......................................28 Part 550
4351—4353 .......................................28 Parts 66, 67, 69, 70
5003 .................................................28 Part 527
5006—5024 .......................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    542, 543, 545, 547—550, 553, 570, 571
5006—5014 .......................................28 Part 541
5006 .................................................28 Part 552
5015 .................................................28 Parts 543, 551, 572
5016—5024 .......................................28 Part 541
5017 .................................................28 Part 2
5024 .................................................28 Part 552
5031—5042 .......................................28 Part 571
5039 .................................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    540—543, 545, 547—550, 552, 553, 570,
    572
5041 .................................................28 Part 2
6002 .................................................14 Part 13
                    16 Parts 2—4
6004 .................................................16 Parts 2—4

**19 U.S.C.**

2 ......................................................19 Part 101
54 ....................................................19 Part 24
58a—58c ..........................................19 Part 24
58b ..................................................19 Parts 101, 122
58c ..................................................19 Part 111

**19 U.S.C.—Continued**     **CFR**

7, 10—12, 18, 19, 24, 54, 101—103, 111—
    115, 118, 122, 123, 125, 127, 128, 132—
    134, 141—148, 151, 152, 158, 159, 161,
    162, 171—177, 181, 191, 192
81a—81u ..........................................15 Part 400
                    19 Parts 146, 147
81a—81b ..........................................15 Part 400
81c ..................................................19 Part 191
          27 Parts 19, 25, 250, 251, 252
81j ...................................................15 Part 400
81f—81s ...........................................15 Part 400
197—198 ..........................................19 Part 158
288 ..................................................19 Part 4
289 ..................................................19 Part 4
293—294 ..........................................19 Part 4
482 ..................................................19 Part 162
794 ..................................................32 Part 1906
1202 ................................................7 Parts 6, 1530
                    9 Part 151
               15 Parts 30, 301, 315
                   19 Parts 7,
    10, 12, 18, 19, 24, 54, 101, 102, 111,
    114, 125, 128, 132, 134, 141, 145—148,
    151, 152, 177, 181, 191
                  27 Parts 251, 252
                50 Parts 10, 13, 15
1202 note .........................................7 Part 6
                  14 Part 1214
                 15 Part 303
                 19 Part 351
1303 ................................................19 Parts 12, 207, 353
1303 note .........................................19 Part 351
1304 ................................................19 Part 134
1305 ................................................19 Parts 12, 145
1306 ................................................7 Part 330
              9 Parts 92—94, 98, 130
1307 ................................................19 Part 12
1309 ................................................19 Parts 10, 191
                 27 Part 252
1311—1312 ......................................19 Parts 19, 125
1311 ................................................19 Part 151
                 21 Part 1220
                27 Part 19, 252
1313 ................................................19 Parts 10, 191
1315 ................................................19 Parts 141,
                 145, 152
1317 ................................................19 Part 10
1321 ................................................19 Parts 10, 128, 145, 148
1322—1333 ......................................19 Part 18
1322 ................................................19 Parts 4, 123
1331 ................................................19 Part 201
1333 ................................................19 Parts 201, 210
1335 ................................................19 Parts 200—202,
    204—206, 210, 213
1336 ................................................19 Part 207
1337 ................................................19 Parts 12, 210
1339 ................................................19 Part 213
1342 ................................................19 Part 210
1365 ................................................7 Part 1530
1401a ..............................................19 Parts 10, 141, 152
1402 ................................................19 Parts 10, 141
1411—1414 ......................................19 Part 101
1431—1435 ......................................19 Part 4
1461 ................................................19 Parts 101, 123, 162

Reorganization Plans—Continued

CFR

1953 Plan No. 2 .......... 45 Parts 7, 16, 204
1953 Plan No. 1 .......... 7 Part 2
.......... 32 Part 185
1961 Plan No. 3 .......... 46 Parts 345—347
.......... 14 Parts 213,
1961 Plan No. 6 .......... 216, 247, 384, 385
1961 Plan No. 7 .......... 12 Parts 501, 933
.......... 46 Parts 202,
206, 207, 251, 276, 280, 283, 294, 309,
310, 331, 381, 385, 390, 391, 501, 585,
586
1965 Plan No. 1 .......... 19 Part 101
1965 Plan No. 2 .......... 15 Part 903
1968 Plan No. 2 .......... 24 Parts 1, 2
.......... 49 Part 601
1968 Plan No. 3 .......... 40 Parts 180, 190
1970 Plan No. 2 .......... 41 Part 101—37
1970 Plan No. 3 .......... 21 Part 193
.......... 40 Parts 2,
1970 Plan No. 4 .......... 112, 121, 160, 177—179, 190, 194
.......... 15 Part 950
1973 Plan No. 1 .......... 50 Parts 251, 254, 260
.......... 31 Part 9

Reorganization Plans—Continued

CFR

1977 Plan No. 2 .......... 45 Parts 345—347
.......... 22 Parts 504,
514—518
1978 Plan No. 1 .......... 29 Parts 1614,
1620, 1621, 1625—1627; 1690
1978 Plan No. 2 .......... 5 Parts 177,
179, 1250—1255
1978 Plan No. 3 .......... 44 Parts 1, 2,
5—15, 18, 59—68, 70—73, 75, 77, 78,
80—83, 150—152, 206, 222, 300—304,
306, 308, 312, 320, 321, 323, 324; 327—
331, 350, 351, 360, 361
.......... 48 Parts 4401—4403,
4405, 4406, 4408, 4409, 4412, 4414—
4417, 4419, 4424, 4426, 4429, 4432, 4433,
4435, 4436, 4452,
1978 Plan No. 4 .......... 29 Parts 2510,
2550, 2570
1979 Plan No. 1 .......... 10 Parts 1500,
1502, 1504, 1530, 1534
1979 Plan No. 3 .......... 15 Parts 705, 2009
1980 Plan No. 1 .......... 10 Part 1

Case 1:07-cv-00358-PLF    Document 1-9    Filed 02/16/2007    Page 8 of 20



Office of the Attorney General
Washington, D. C. 20530

March 26, 1997

RECEIVED

MAR 27 1997

OFFICE OF THE GOVERNOR

BY CERTIFIED MAIL

The Honorable Gary Locke
Governor of Washington
P.O. Box 40002
Olympia, WA  98504

Dear Governor Locke:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the site of a Federal Bureau of Prisons facility, near Seattle and Tacoma, Washington, to be used for prisoner detention, correction, and other purposes. As you may know, construction of the facility, presently known as FDC Seatac, is well under way. The facility is soon expected to begin operations.

The State of Washington has consented to the acquisition by the United States of land acquired for federal purposes, see Wash. Rev. Code Ann. § 37.04.010, and has ceded concurrent criminal and civil legislative jurisdiction over such land to the United States for all purposes for which the United States acquired the land, see Wash. Rev. Code Ann. § 37.04.020; see also Department of Labor and Industries v. Dirt & Aggregate, Inc., 120 Wash.2d 49, 52-53, 837 P.2d 1018, 1021 (Wash. 1992) (holding that the state may cede legislative jurisdiction to the United States, and that the scope of the federal jurisdiction is governed by the terms of the cession).

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land. 40 U.S.C. § 255. This letter constitutes the United States' acceptance of concurrent criminal and civil jurisdiction over the site of the facility. Copies of the

[EXHIBIT C]

The Honorable Gary Locke
Page 2

Declaration of Taking and general warranty deeds for the site are enclosed.

Concurrent legislative jurisdiction will mutually benefit the State of Washington and the United States. Absent federal legislative jurisdiction, the state would have the entire burden of prosecuting offenses that might be committed at the facility, except those offenses that violate federal law even when committed outside areas of federal legislative jurisdiction. Concurrent jurisdiction enables the United States to investigate and prosecute certain offenses when appropriate, without displacing state authorities. Criminal offenses perpetrated by or against federal prisoners confined at the institution can be investigated by the Federal Bureau of Investigation and prosecuted by the United States Attorney. Thus, cession of concurrent jurisdiction may relieve the State of some of the burden of investigating and prosecuting criminal offenses that occur at the federal institution. In some situations, it might be more appropriate for the State to investigate and prosecute violations of state law, and the State could do so.

Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390.

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jeffrey J. Limjoco, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

The Honorable Gary Locke
Page 3

I appreciate your assistance in this important area of federal-state cooperation.

Sincerely,

*[signature: Janet Reno]*

Janet Reno

Enclosures

Receipt of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Detention Center near Seattle and Tacoma, Washington (FDC Seatac) is hereby acknowledged this 11th day of April , 1997.

*[signature]*

Governor of Washington



Office of the Attorney General
Washington, D. C. 20530



MAY - 6 1997

OFFICE OF THE
GOVERNOR

May 1, 1997

BY CERTIFIED MAIL

The Honorable Frank Keating
Governor of Oklahoma
Oklahoma City, Oklahoma   73105

Dear Governor Keating:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the land that presently is the site of the Federal Transfer Center (FTC) in Oklahoma City.

The State of Oklahoma recently enacted Senate Bill No. 283 to cede to the United States concurrent legislative jurisdiction over the FTC site. That bill, styled "An Act Relating to the United States; Ceding Concurrent Jurisdiction Over Certain Real Property to the United States; Reserving Concurrent Jurisdiction for Certain Purposes; Providing for the Termination of Such Jurisdiction; Providing for Codification; and Declaring an Emergency," was signed by you on April 9, 1997.  Section 1 of the Bill provides, in relevant part:

> Notwithstanding any other provision of law, concurrent jurisdiction is hereby ceded to the United States over the tract of land comprised and any tracts of land hereafter comprised within the limits of the Oklahoma City Federal Transfer Center, a facility which is leased to the United States and located at Will Rogers World Airport in Oklahoma City, County of Oklahoma. . . .  The jurisdiction so ceded shall continue no longer than the United States shall lease or own such lands or portions thereof.

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land.  40 U.S.C. § 255.  This letter constitutes the United States' acceptance of concurrent criminal and civil legislative jurisdiction over the tracts of land presently comprised within the limits of the FTC.  Enclosed is a copy of the property description for the land over which the United States accepts concurrent jurisdiction.

The Honorable Frank Keating
Page 2


Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC  20044-4390

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jane Crowell, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

I appreciate your assistance in this important area of federal-state cooperation.

Sincerely,

Janet Reno

Enclosure


Receipt of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Transfer Center in Oklahoma City, Oklahoma, is hereby acknowledged this ___ day of _____, 1997.

Governor of Oklahoma

EXHIBIT (d)

EVIDENTIARY HEARING

(NOT SUBMITTED)

EXHIBIT (d)

EVIDENTIARY HEARING
(not submitted)



UNITED STATES       OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80*th* CONGRESS
SECOND SESSION

## VOLUME 94—PART 8

JULY 26, 1948, TO DECEMBER 31, 1948
(PAGES 9353 TO 10316)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948



EXHIBIT E

# Congressional Record

## VOL. 94
## PART 8
### PAGES 9353 TO 10316

## 80TH CONGRESS
## 2D SESSION
JULY 26, 1948
TO
DECEMBER 31, 1948



# Congressional Record

**United States of America**

PROCEEDINGS AND DEBATES OF THE 80ᵗʰ CONGRESS, SECOND SESSION

## SENATE

### Monday, July 26, 1948

The Senate reassembled this day in its Chamber at the Capitol, in the city of Washington, in pursuance of the proclamation of the President of the United States of the 15th day of July 1948.

ARTHUR VANDENBERG, President pro tempore, called the Senate to order at 12 o'clock noon.

Rev. Bernard Braskamp, D. D., pastor of the Gunton-Temple Memorial Presbyterian Church, Washington, D. C., offered the following prayer:

O Thou God of infallible wisdom, we have entered upon days which are fraught with perplexing problems and heavy responsibilities, but also with glorious opportunities and possibilities.

We pray that we may have the interpreting light and the clear and confident leading of Thy spirit in all our deliberations and decisions.

May the ideals and principles of our blessed Lord not only stir our emotions but our wills, and may every lofty God-inspired sentiment be translated into action and achievement.

Grant that it may be the goal of all our aspirations to glorify Thy great and holy name and to build Thy kingdom of peace and good will among men and nations.

Hear us for the sake of the Christ. Amen.

The PRESIDENT pro tempore. The proclamation of the President reconvening the Congress will be read by the clerk.

The Chief Clerk (Edward E. Mansur, Jr.) read the proclamation as follows:

CONVENING THE CONGRESS OF THE PRESIDENT OF THE UNITED STATES OF AMERICA—A PROCLAMATION

Whereas the public interest requires that the Congress of the United States should be convened at 12 o'clock noon on Monday, the 26th day of July 1948, to receive such communication as may be made by the Executive;

Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim and declare that an extraordinary occasion requires the Congress of the United States to convene at the Capitol in the city of Washington on Monday, the 26th day of July 1948, at 12 o'clock noon, of which all persons who shall at that time be entitled to act as Members thereof are hereby required to take notice.

In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the United States.

Done at the city of Washington this 15th day of July, in the year of our Lord 1948, and of the Independence of the United States of America the one hundred and seventy-third.

HARRY S. TRUMAN.

By the President:
G. C. MARSHALL,
*Secretary of State.*

### CALL OF THE ROLL

Mr. WHERRY. I suggest the absence of a quorum.

The PRESIDENT pro tempore. The clerk will call the roll.

The Chief Clerk called the roll, and the following Senators answered to their names:

| | | |
|---|---|---|
| Aiken | Eickenlooper | O'Daniel |
| Baldwin | Hill | O'Mahoney |
| Barkley | Hoey | Pepper |
| Brewster | Holland | Reed |
| Brooks | Jenner | Revercomb |
| Butler | Johnson, Colo. | Robertson, Va. |
| Byrd | Johnston, S.C. | Robertson, Wyo. |
| Cain | Kem | Russell |
| Capehart | Kilgore | Saltonstall |
| Capper | Knowland | Smith |
| Connally | Langer | Sparkman |
| Cooper | Lodge | Stennis |
| Cordon | Lucas | Stewart |
| Donnell | McCarthy | Taft |
| Downey | McClellan | Taylor |
| Eastland | McFarland | Thomas, Okla. |
| Ecton | McGrath | Thomas, Utah |
| Ellender | McMahon | Thye |
| Ferguson | Magnuson | Tobey |
| George | Martin | Umstead |
| Green | Maybank | Vandenberg |
| Gurney | Millikin | Watkins |
| Hatch | Moore | Wherry |
| Hawkes | Murray | Wiley |
| Hayden | Myers | Williams |
| | O'Conor | Young |

Mr. WHERRY. I announce that the Senator from Minnesota [Mr. BALL], the Senator from Ohio [Mr. BRICKER], the Senator from Delaware [Mr. BUCK], the Senator from South Dakota [Mr. BUSHFIELD], the Senator from Vermont [Mr. FLANDERS], the Senator from Oregon [Mr. MORSE], and the Senator from Iowa [Mr. WILSON] are necessarily absent.

The Senator from New Hampshire [Mr. BRIDGES] is detained on official business.

The Senator from Idaho [Mr. DWORSHAK] is absent on official state business.

The Senator from New York [Mr. IVES] is absent because of illness in his family.

The Senator from Nevada [Mr. MCCARRAN] is absent on official committee business of the Committee on Public Works.

Mr. LUCAS. I announce that the Senator from New Mexico [Mr. CHAVEZ] is unavoidably detained.

tor from New York [Mr. WAGNER] are necessarily absent.

The PRESIDENT pro tempore. Seventy-eight Senators having answered to their names, a quorum is present.

### THE JOURNAL

Mr. WHERRY. Mr. President, I ask unanimous consent that, without reading, the Journal of the proceedings of the Senate for the calendar days Friday, June 18, Saturday, June 19, and Sunday, June 20, 1948, be approved.

The PRESIDENT pro tempore. Without objection, the order is made.

### ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the President pro tempore, under the authority of House Concurrent Resolution 219, signed the following enrolled bills and joint resolutions, which had previously been signed by the Speaker of the House of Representatives:

S. 185. An act for the relief of Doris E. Snyder.

S. 418. An act to provide for water-pollution control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes.

[62 Stat.]    60th CONG., 2d SESS.—CH. 646—JUNE 25, 1948    **869**

[CHAPTER 646]

## AN ACT

To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".

June 25, 1948
[H. R. 3214]
[Public Law 773]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —", as follows:

Title 28, U. S. Code,
Codification and
enactment into law.

# TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. |
|---|---|---|
| I. | Organization of courts | 1 |
| II. | United States attorneys and marshals | 501 |
| III. | Court officers and employees | 601 |
| IV. | Jurisdiction and venue | 1251 |
| V. | Procedure | 1651 |
| VI. | Particular proceedings | 2201 |

*Infra.*
*Post,* p. 900.
*Post,* p. 913.
*Post,* p. 927.
*Post,* p. 943.
*Post,* p. 944.

## PART I.—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---|---|---|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

## CHAPTER 1—SUPREME COURT

Sec.
1. Number of justices; quorum.
2. Terms of court.
3. Vacancy in office of Chief Justice; disability.
4. Precedence of associate justices.
5. Salaries of justices.
6. Records of former court of appeals.

### § 1. Number of justices; quorum

The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

### § 2. Terms of court

The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary.

### § 3. Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified.

### § 4. Precedence of associate justices

Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age.

[CHAPTER 645]

## AN ACT

To revise, codify, and enact into positive law Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

June 25, 1948
[T. R. 3190]
[Public Law 772]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § ——", as follows:

Title 18, U. S. Code.
Codification and enactment into positive law.

### TITLE 18—CRIMES AND CRIMINAL PROCEDURE

| Part | | Sec. | |
|---|---|---|---|
| I. | CRIMES | 1 | *Infra.* |
| II. | CRIMINAL PROCEDURE | 3001 | *Post,* p. 813. |
| III. | PRISONS AND PRISONERS | 4001 | *Post,* p. 847. |
| IV. | CORRECTION OF YOUTHFUL OFFENDERS | 5001 | *Post,* p. 855. |

### PART I—CRIMES

| Chapter | Sec. |
|---|---|
| 1. General provisions | 1 |
| 3. Animals, birds and fish | 41 |
| 5. Arson | 81 |
| 7. Assault | 111 |
| 9. Bankruptcy | 151 |
| 11. Bribery and graft | 201 |
| 13. Civil rights | 241 |
| 15. Claims and services in matters affecting government | 281 |
| 17. Coins and currency | 331 |
| 19. Conspiracy | 371 |
| 21. Contempts constituting crimes | 401 |
| 23. Contracts | 431 |
| 25. Counterfeiting and forgery | 471 |
| 27. Customs | 541 |
| 29. Elections and political activities | 591 |
| 31. Embezzlement and theft | 641 |
| 33. Emblems, insignia, and names | 701 |
| 35. Escape and rescue | 751 |
| 37. Espionage and censorship | 791 |
| 39. Explosives and combustibles | 831 |
| 41. Extortion and threats | 871 |
| 43. False personation | 911 |
| 45. Foreign relations | 951 |
| 47. Fraud and false statements | 1001 |
| 49. Fugitives from justice | 1071 |
| 51. Homicide | 1111 |
| 53. Indians | 1151 |
| 55. Kidnaping | 1201 |
| 57. Labor | 1231 |
| 59. Liquor traffic | 1261 |
| 61. Lotteries | 1301 |
| 63. Mail fraud | 1341 |
| 65. Malicious mischief | 1361 |
| 67. Military and Navy | 1381 |
| 69. Nationality and citizenship | 1421 |
| 71. Obscenity | 1461 |
| 73. Obstruction of justice | 1501 |
| 75. Passports and visas | 1541 |
| 77. Peonage and slavery | 1581 |
| 79. Perjury | 1621 |
| 81. Piracy and privateering | 1651 |
| 83. Postal service | 1691 |
| 85. Prison-made goods | 1761 |
| 87. Prisons | 1791 |
| 89. Professions and occupations | 1821 |
| 91. Public lands | 1851 |
| 93. Public officers and employees | 1901 |
| 95. Racketeering | 1951 |

672

PUBLIC LAWS—CH. 644—JUNE 25, 1948          [62 Stat.

June 25, 1948
[H. R. 6412]
[Public Law 771]

Title 3, U. S. Code.
Codification and en-
actment into positive
law.

Infra.
Post, p. 673.
Post, p. 679.

[CHAPTER 644]

AN ACT

To codify and enact into law Title 3 of the United States Code, entitled "The President".

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 3 of the United States Code, entitled "The President", is codified and enacted into positive law and may be cited as "3 U. S. C., § ——", as follows:

## TITLE 3—THE PRESIDENT

| Chap. | | Sec. |
|---|---|---|
| 1. | PRESIDENTIAL ELECTIONS AND VACANCIES | 1 |
| 2. | OFFICE AND COMPENSATION OF PRESIDENT | 101 |
| 3. | PROTECTION OF THE PRESIDENT; THE WHITE HOUSE POLICE | 201 |

CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

Sec.
1. Time of appointing electors.
2. Failure to make choice on prescribed day.
3. Number of electors.
4. Vacancies in electoral college.
5. Determination of controversy as to appointment of electors.
6. Credentials of electors; transmission to Secretary of State and to Congress; public inspection.
7. Meeting and vote of electors.
8. Manner of voting.
9. Certificates of votes for President and Vice President.
10. Sealing and endorsing certificates.
11. Disposition of certificates.
12. Failure of certificates of electors to reach President of Senate or Secretary of State; demand on State for certificate.
13. Same; demand on district judge for certificate.
14. Forfeiture for messenger's neglect of duty.
15. Counting electoral votes in Congress.
16. Same; seats for officers and Members of two Houses in joint meeting.
17. Same; limit of debate in each House.
18. Same; parliamentary procedure at joint meeting.
19. Vacancy in offices of both President and Vice President; officers eligible to act.
20. Resignation or refusal of office.

## CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

TIME OF APPOINTING ELECTORS

§ 1. The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President.

FAILURE TO MAKE CHOICE ON PRESCRIBED DAY

§ 2. Whenever any State has held an election for the purpose of choosing electors, and has failed to make a choice on the day prescribed by law, the electors may be appointed on a subsequent day in such a manner as the legislature of such State may direct.

NUMBER OF ELECTORS

§ 3. The number of electors shall be equal to the number of Senators and Representatives to which the several States are by law entitled at the time when the President and Vice President to be chosen come into office; except that where no apportionment of Representatives has been made after any enumeration, at the time of choosing electors,

## CERTIFICATE OF SERVICE

I, Courtney Dewayne Brooks, **HEREBY CERTIFY,** that I (the Petit-
ioner) avers in the nature of 28 U.S.C. §1746(1), that one true
copy of Petition for Common Law Writ of Habeas Corpus, Application
for Common Law Writ of Habeas Corpus, Memorandum of Law with
Incorporated Points and Authorities, Judicial Notice, Administrative
and Quasi-Judicial Notice via Show Cause Order, and Exhibits,
has been deposited into U.S. Mail, with sufficient First Class
Postage affixed and properly addressed to:

> Solicitor General of the United States
> U.S. Department of Justice
> Constitution Ave. & 10th St. NW
> Washington, DC 20530-0001
>
> C/O Paul D. Clement, act.

Note: In the nature of 28 U.S.C. §1254(2), and Supreme Court
Rule 29-4(a) and (b), and 28 U.S.C. §2403 (62 Stat. 971, June 25,
1948) the Petitioner serves a conformed copy of the foregoing
and attached documents (exhibits) upon the Solicitor General of
the United States as required when a question of law concerning
the Constitutionality or legitimate application of an unenacted
Congressional Act is called into question.

Date: 2/11    2007

Submitted by,

*Courtney Brooks*

Courtney Dewayne Brooks