UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
COURTNEY DEWAYNE BROOKS,               )
                                       )
      Petitioner,                      )
                                       )
v.                                     )
                                       )    Civil Action No. 07-0358 (PLF)
ALBERTO GONZALEZ, et al.,              )
                                       )
                                       )
      Defendants.                      )
_____)

MEMORANDUM OPINION AND ORDER

On February 16, 2007, the petitioner filed a motion for *habeas corpus* under 28 U.S.C. § 2241 against Attorney General Alberto Gonzales and Director of the Federal Bureau of Prisons Harley Lappin. The petitioner is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

The Court "'may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (quoting Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986)). It is established that writs of *habeas corpus* must be directed to the detainee's custodian -- in this case, the warden at FCI Oakdale. See Guerra v. Meese, 786 F.2d 414 at 416 (rejecting argument that Parole Commission, while responsible for appellees' continued detention, was their custodian for purposes of habeas corpus); Connally v. Reno, 896 F. Supp. 32, 34 (D.D.C. 1995) (rejecting habeas corpus action brought against Attorney General and Director of Bureau of Prisons rather than petitioner's warden) (quoting Ledher v. Thornburgh, 733 F. Supp. 454-55

(D.D.C. 1990) ("The custodian is the person having day-to-day control over the prisoner.")). This Court does not have personal jurisdiction over the warden of a federal institution in Louisiana and, accordingly, may not consider this motion.

If the petitioner's motion for *habeas corpus* had been brought against the proper defendant, the Court would have transferred it to the United States District Court for the Western District of Louisiana for consideration in its proper venue. Because it was not, the Court *sua sponte* instead will deny defendant's motion without prejudice to its being re-filed in the appropriate jurisdiction and against the appropriate defendant, who is the warden of the institution in which the petitioner is incarcerated. Accordingly, it is hereby

ORDERED that [1] defendant's motion for a writ of *habeas corpus* is DENIED without prejudice to its being re-filed against the warden of the Federal Correctional Institution in Oakdale, Louisiana in the United States District Court for the Western District of Louisiana.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 26, 2007

cc:    Courtney Dewayne Brooks
       23156-009
       FCI Oakdale
       P.O. Box 5000
       Oakdale, LA 71463